## ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

### WILLIAM NUNN.

1.  ERROR WILL NOT ALWAYS REVERSE.   Where an instruction given by the court is as favorable to a party as the law would authorize, and even more so, he cannot allege that it is erroneous.

2.  NEGLIGENCE—*grass and weeds upon a railroad track—a question of fact for the jury*.   In an action against a railroad company to recover for injury resulting to premises adjoining a railroad, by reason of fire communicated because of dry grass and weeds accumulating upon the right of way, the question of comparative negligence on the part of the plaintiff and the company, in respect to the accumulation of such combustible material, is a question of fact properly left to the jury.

APPEAL from the Circuit Court of Effingham county; the Hon. HIRAM B. DECIUS, Judge, presiding.

The opinion presents the facts fully.

Mr. GEO. W. WALL, for the appellants.

Mr. W. B. COOPER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The appellee, William Nunn, brought an action on the case, in the Effingham Circuit Court, against the appellants, the Illinois Central Railroad Company, alleging, in his declaration, that he was the owner of a farm through which the appellants' railroad ran, and of rails in a fence upon it; that appellants were the owners of a strip of land one hundred feet wide on each side of their track, which it was their duty to keep, where it adjoined appellee's premises, free from dry grass and other combustible matter, so that fire would not communicate from locomotives running on the road to the combustible material on the right of way, and thence to plaintiff's fence, but that appellants knowingly and negligently omitted so to do, and suffered the right of way to become foul, and while a locomotive was being run along the road by appellants' servants, fire communicated from it to the dry grass on the right of way and thence to appellee's fence, and burned the same, without any fault or negligence on the part of appellee.

The plea was, not guilty. The jury found for the plaintiff, and assessed his damages at one hundred and eighty-three dollars and forty-four cents, for which the court gave judgment, a motion for a new trial having been overruled.

To reverse this judgment, the defendants appeal to this court, making their point upon the instructions.

For the plaintiff, the court instructed as follows:

" That if they believe, from the evidence, that fire was negligently suffered to escape from defendants' engine, and thereby

communicated to the fence and pasture of plaintiff, they should find for plaintiff, and assess his damages at the amount proven.

"If the jury believe, from the evidence, that defendants left the dry grass and stubble on right of way adjoining plaintiff's premises, and that by reason of said dry grass and stubble being left there negligently by defendants, fire communicated to the fence and pasture of plaintiff, then the jury should find for plaintiff the amount of damages proven to have resulted from said fire, no matter whether the best appliances were used on the engine which communicated the fire or not.

"That no matter what mechanical appliances were on the smoke-stack, if the fire got out through the negligence of defendants' engineer, the defendants are liable, and the jury should find for plaintiff, and assess the amount of damages proven in this case."

The following were the instructions asked by the defendants:

"1. That a railroad company is not bound to use any more diligence in respect of the removal of dry grass and other combustible matter from the right of way than a prudent and cautious man would use in respect to the removal of such combustible matter from his own premises if exposed to a similar hazard; and in this case, if the jury find, from the evidence, that it was the custom of the defendants to clear off such rubbish and dry grass from the right of. way every fall, when the same became combustible from frost or otherwise, and that the dry grass on the right of way at the time the fires in question was such only as had grown during the summer of 1867, and that by reason of an unusual drouth it had become combustible sooner than common, and that under ordinary circumstances it would not have been combustible at that time, then the defendants would not be chargeable with negligence because of such dry grass and combustible matter then being on the right of way.

"2. Before the plaintiff can recover in this action, it must appear that his neglect has not in any way contributed to the loss in question.

"3. If the plaintiff has, by his own neglect in not taking means to prevent fire from passing from the right of way to his property, contributed to the loss in question, then he can not recover in this action."

The court refused to give these instructions, and in lieu of the second and third gave the following:

"If the jury believe, from the evidence, that the loss of plaintiff occurred by reason of his own negligence, or want of ordinary care on his part, then he can not recover."

Appellants, in their brief, do not point out the objectionable parts of plaintiff's instructions as given by the court, and we are unable to perceive any.

The force of appellants' argument is directed to the manner in which the court disposed of the instructions on their behalf. It is not contended by appellants that their first instruction was proper, nor that their second and third were. The argument is, if the second and third instructions asked by defendants are not in accordance with the rule announced by this court on the subject of relative and contributory negligence, they are, at least, nearer the correct rule than the instruction given by the court in lieu of them.

This is, at least, a qualified admission, instructions two and three do not accord with the rule of this court in like cases.

There was no evidence before the jury on which to predicate the question of relative or contributory negligence. The instruction, therefore, to that point, was properly refused.

The only question for this court to consider is, therefore, the propriety of the court's instruction given in lieu of the second and third. Whatever may be the technical objection to it, it certainly is quite as favorable to the defendants as they could

6—51ST ILL.

ask, for, under it, if the plaintiff had not used ordinary care, no matter what may have been the conduct of the defendants, they should nevertheless have had the verdict.

Upon the evidence, the right to recover is fully established. The question of negligence, by reason of leaving dry grass and combustible material on the defendants' right of way, was properly left to the jury, in accordance with the case of *C. & M. R. R. Co.* v. *Shanefelt,* 47 Ill. 497.

There being no error in the record, the judgment must be affirmed.

*Judgment affirmed.*