STEWART (UNITED STATES v.). See Cases Nos. 16.399–16.402.

STEWART (WALLER v.). See Case No. 17,-109.

## Case No. 13,438.

STEWART v. WESTERN UNION R. CO.

[4 Biss. 362.] [1]

Circuit Court. D. Indiana. June Term. 1869.

BAILMENT — LEASE OF STEAMER — LIABILITY OF LESSOR FOR DAMAGE — ESTOPPEL — HIDDEN DEFECTS — DAMAGES — INTEREST.

1. If a steamer, while being run under a lease, is lost by explosion. it is a question of fact for

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the jury whether the lessee used all reasonable skill, and whether the explosion was one which human skill could have prevented.

2. When the lease provided that the steamer was in good condition when delivered, and the lessee accepted her without objection, he is estopped from setting up as a defense any defects which were known. or might have been seen, by him or his servants.

[Cited in The Centurion, 57 Fed. 415.]

3. If the explosion was the result of some hidden. unknown defect then the lessee is discharged.

4. The jury may allow interest by way of damages since the explosion.

Action to recover for damages by the explosion of the steamboat Lansing. while being used by the defendant under contract with the plaintiff. the owner.

Samuel W. Fuller, for plaintiff.

W. K. McAllister, for defendant.

DAVIS, Circuit Justice. In the spring of 1867, the defendant leased of the plaintiff a steamboat called the Lansing with a view of transporting freight and passengers from Davenport. Iowa, to Port Byron. Illinois. By the terms of the contract the railroad was to return the steamboat to the plaintiff at the end of a certain time in good condition, paying reasonable compensation for the use of the same. While the steamboat was making passage from Davenport to Port Byron and had landed at Hampden, on the Iowa side, an explosion took place, and this action was brought to recover compensation for the damages sustained in consequence of the explosion. and the inability thereby of the railroad company to return the boat, on the ground that the explosion was the result of the negligence and want of due care and skill of the employés of the company.

The contract provided that the boat was in good condition and that two persons named in the contract might or should determine whether the boat was or was not in good condition. It turned out, in point of fact. that these persons from some cause never did determine whether the boat was in the condition named in the contract, but the boat was delivered to. and received by. the defendant without objection. If there was any defect which was known to. or could be seen by, the servants of the defendant. and without making objections in consequence of the defect, then the defendant is estopped from setting it up as a defense to this action. The time to make that objection was when the boat was delivered and that might have been urged as a reason for non-acceptance.

It was the duty of the defendant to return the boat according to the terms of the contract, unless prevented from so doing by a misfortune that skill. care and diligence could not prevent. In the use of the boat the defendant was bound to exercise all reasonable skill, and I leave it as a question for the jury to determine whether the explosion was one which human skill could have prevented. If

it was the result of some hidden, unknown defect, the defendant is discharged. The contract provides that for extraordinary repairs the plaintiff, the lessor, should be chargeable.

The question arises as to the right to recover interest. Although as a matter of law you are not obliged to give interest, yet if you find for the plaintiff, and fix upon the value of the boat at the particular time as the compensation due the plaintiff, you may, by way of additional damages, give interest. It is optional with you.

NOTE.* Negligence and diligence are questions of fact for the jury to pass upon. Skelley v. Kahn, 17 Ill. 170; Galena & C. U. R. Co. v. Yarwood, Id. 509; Illinois Cent. R. Co. v. Nunn, 51 Ill. 78; Ohio & M. R. Co. v. Shanefelt, 47 Ill. 497; Story, Bailm. §§ 11, 174, note 1; Doorman v. Jenkins, 2 Adol. & E. 256; Vaughan v. Menlove, 3 Bing. N. C. 468, 475; Beardslee v. Richardson, 11 Wend. 25. The hirer is to restore the thing in as good condition as he received it, unless it has been injured by some internal decay, or by accident, or by some other means wholly without his default. Story, Bailm. § 414; Millon v. Salisbury, 13 Johns. 211. And parol evidence is admissible to contradict or explain a written instrument in some of its recitals of facts, where such recitals do not, on other principles, estop the party to deny them. 1 Greenl. Ev. § 285; Harris v. Rickett, 4 Hurl. & N. 1; Chapman v. Callis, 2 Fost. & F. 161.