Cole, Ch. J.
I. The first five assignments of error are submitted by appellant’s counsel without argument. They relate to the admission of testimony by experts; to the admission of certain alleged immaterial facts concerning the course of the fire; to the exclusion of hearsay or secondary evidence, and of telegraphic reports respecting the running of trains. The action of the court in all was well grounded upon recognized general principles of evidence, and we need not take the space to state the several questions at further length.
1. Practice: evidence. II. The sixth error assigned arises upon the following facts: The defendant introduced as witnesses, successively, if® fireman on the Chesapeake and its engineer thereon at the time the fire was set, its boiler maker, its master mechanic on that division, and its superintendent of claims thereon, each of whom testified to the best model, good repair and perfect condition of the netting or spark arrester of the Chesapeake. Plaintiff then introduced one witness who testified that shortly after the fire he stood on the bell frame of the Chesapeake and examined the netting, and found it full of holes and mostly worn out. Thereupon the defendant introduced two witnesses who testified that a man of ordinary height standing on the bell frame could not see her netting at all, and could not reach it even with his hand ; the defendant was proceeding to prove the same facts by two other *72 witnesses, when the court expressed doubts of the propriety of taking up further time with like testimony, and, on the objection by plaintiffs counsel, refused to hear any other witnesses. In this ruling lies the alleged error. A msi j>rmis court must be permitted to exercise a discretion as to the number of witnesses, the order and manner of their examination, etc., in the cases before them, else examinations and trials might be indefinitely prolonged. In the absence of a manifest abuse of such discretion an appellate court ought not to interfere. No such abuse appears from this record. The particular language of the court in this case in excluding the further witnesses is sought to be construed by ingenious counsel into a special prejudice to defendants; but such is not its effect when measured by the “ common understanding” of jurors.
2. -R.ATT.TmAT.: from to?: neghgen.ce. III. The next error assigned is upon the giving of the following instruction : “ It is claimed by the plaintiff in argument, that if you find that the defendants permitted dry grass, weeds and other comjjUsiable matter to remain on their right of way, liable to be ignited by sparks or fire from their engines, that the law implies negligence on the part of the railroad company. This, in my opinion, is not correct. Touwill determine from the evidence whether the defendants permitted such an accumulation of dry grass, weeds or other combustible matter within their right of way, exposed to ignition by their engines as would not be permitted or done by a cautious and prudent man upon his own premises if exposed to the same hazard from fire as an accumulation of dry grass and weeds, upon the right of way of the defendants. If you find that the defendants in this respect have acted as a careful and prudent man would have done under the same circumstances, then they are not in law guilty of negligence in thus acting. But if the evidence fully satisfies you that the defendants did in *73 fact permit such an accumulation of combustible matter as above mentioned upon the side of their road, as would not have been permitted by a cautious and prudent man upon his own nremises. if exposed to the same hazard from fire, then you mav infer negligence from such acts. And if y*u find from the evidence that fire escaped from an engine operated by the defendants, setting fire to accumulated dry grass and weeds within the right of way of the defendants’ road in consequence of which the plaintifi’s property was destroyed, then the defendants are liable. In , order to establish negligence in this respect. the_nten4iiL_ %iust satisfy you of three facts, namely : 1. It must be ’proved.'Tfiat witfíTn the^ limits of the defendants’ right of way they permitted, at the place where the fire occurred, an accumulation of dry weeds or grass. 2d. That the defendants in so doing acted negligently,as before explained, in thus permitting dry grass or weeds upon the side of their road. 3. That the fire which it is alleged caused the injury complained of was caused by the ignition of such dry grass or weeds on the side of the railroad from fire escaping from an engine operated by the defendants.”
It was not error to give this instruction in connection with other proper instructions in the case. To allow the dry grass, weeds and other combustible matter, the natural accumulations of the soil, to remain on the right of way is not negligence per se. This precise point was so ruled in the case of The Ohio & Miss. R. Co. v. Shanefelt, 47 Ill. 497. But there may be such peculiar or unusual circumstances in a given case as to amount to negligence in fact; and when such circumstances exist, they are proper to be submitted to a jury for the purpose of establishing the fact of negligence. There is not a little controversy among law-writers and judges as to whether there are degrees of negligence in law. But, without here entering into a discussion of that question, it may safely be assumed that the standard for determining th *74 fact of negligence as given in the instruction — the probable conduct of a cautious and prudent man under like circumstances, is as practicable as could well be attained — the phrase “ cautious and- prudent man,” is not essentially differgnt in meaning from an “ ordinary prudent man.”
3. — contribgence. IV. The giving of the next instruction, in the series given by the court, is also assigned as error. The instruction is as follows : It is alleged by the defendants that the injury sustained by the plaintiff, if -any, was the result of his own negligence. It is a general rule of law, that where there is mutual negligence of the parties, the defendant is not liable. A man who’ places his own property carelessly in an exposed situation, and near a railroad track, and it is accidentally destroyed by fire from the locomotive, he cannot recover for such loss. A party suing for damages caused by the negligent acts of another must himself show that he was guilty of no negligence which contributed immediately to the injury; but this rule is subject to certain qualifications. When a person, in the ordinary exercise of his own rights, allows or places his property in an exposed position, and it is injured or destroyed by reason of the negligence of another, he may still recover for the consequences of such negligence ; when a party leaves his property in an exposed position, he takes the risk of accidents, but not the risk of another’s negligence. If the plaintiff had his property in an exposed position, or put it up in an imprudent manner, if he placed it on his own premises, or where he had a lawful right to place it, he took the risk of its being burned by the accidental escape of fire from the defendants’ engines running near it; but he did not take the risk of negligence on the part of the defendants, and, if his property has been destroyed by their negligence, he is entitled to recover its value.”
In order to get the precise force and applicability of this instruction, it is proper to state that there was evidence in *75 the case tending to show that plaintiff’s stacks of hay, for the burning of which this suit was brought, were situated about a half mile from the defendants’ road; and the jury expressly found, by their special verdict, that the plaintiff’s hay was stacked on the open prairie, and was not protected from fire hy plowing or otherwise.
The general doctrine embodied in this instruction, to wit, that every person may use his own property for any lawful purpose at his pleasure, taking only the risk of accidents, and retaining the right to recover for its injury or destruction by the negligence of another, cannot be disputed. This doctrine was announced in, and was well illustrated by, the case of Cook v. The Champlain Transportation Co., 1 Denio, 91. But that it has its limitations is very apparent from the proposition itself, as well as from the equally well-settled doctrine, that where a plaintiff has, by his negligence, contributed to a loss, he cannot recover therefor. The owner of land along a railway has the right to stack his wheat or hay, or to build and operate a powder-house on the line or margin of the right of way of a railroad. But the instinctive sense of prudence innate in every reasonable person would say that such a use of one’s own property was per se negligence — carelessness. It being negligence to thus place his property in such an exposed position, he could not recover, although it should be destroyed by reason of the negligence of the railroad company, because his own negligence in thus placing his property contributed to the injury and loss. Or, suppose the owner of an elevator on the line of a railroad should make a thatched roof, instead of a shingle or a slate roof, which he clearly has an abstract right to do, and, hy reason of such thatched roof and the negligence of the employees of the railroad company, his elevator should be consumed by fire, could he recover % Clearly not, and why ? Not because he had no right to build his elevator and *76 thatch the roof, but because to do so was negligence, carelessness, which contributed to the loss.
Now, although the plaintiff had the right to stack his hay on the open prairie, and thereby only took the risk of accidents and not of the defendants’ negligence, yet, if by plowing around the stacks, or otherwise protecting them, he could have prevented the loss, and to omit thus protecting them was negligence, he could not, under the well-settled rule above stated, be entitled to recover. Brrt the instruction says, “ if the plaintiff had his property in an exposed position, ot put it up m an imprudent manner, if he placed it where he had a lawful right to place it,” etc., he may recover if it was destroyed by the negligence of the defendants: Could he recover if it was negligence to thus place his property and leave it without any protection, and the absence of such protection contributed to its loss ? Surely not; for where both parties have been guilty of negligence contributing to the loss neither can recover. The instruction, then, is fatally defective, in that it does not submit to the jury the question whether the plaintiff, by his negligence, contributed to the loss, and, if so, then he could not recover. And it is not only defective in this, but is affirmatively erroneous, in that it says to the jury that the plaintiff may recover, although “he placed his property in an exposed position and put it up in an imprudent mamnerP "What is an imprudent act ? It is no more or less than a heedless, rash, careless, negligent act. So that in fact the jury were told that plaintiff could recover for his hay, although he was guilty of negligence in the manner of putting it up.
This error is -not cured by any other instruction given in the case. Indeed, the same omission is found in the latter'part of the instruction first above noticed; and hence it is said, in the first comments upon it, that it was not error to give it “ in connection with other proper instructions in the case.” The part of the instruction referred tc *77 is as follows : “ And if you find, from the evidence, that fire escaped from an engine operated by the defendants, setting fire to accumulated dry grass and weeds within the right of way of the defendants’ road, in consequence of which the plaintiff’s property was destroyed, then the defendants are liable.” Of course, if the plaintiff’s negligence contributed to the loss, the defendants would not be liable, although all the collated facts were shown. But this omission could easily be remedied by a further instruction, while the last instruction above set out is erroneous in the breadth of the doctrine it announced, and in failing to properly limit it.
The case of The Ohio & Miss. M. Co. v. Shanefelt, supra, holds, that land-owners contiguous to railroads are as much bound in law to keep their lands free from an accumulation of dry grass and weeds as railroad companies are; so, when a fire is ignited on the company’s right of way, and is communicated to fields adjoining, the negligence of such owner will be held to haYe contributed to the loss. But we need not discuss the case further. For the error above specified the judgment is
[Reversed.