### H. H. WHITE v. THE MISSOURI PACIFIC RAILWAY COMPANY.

DRY GRASS, ETC., *on Right-of-Way—Negligence—Question for Jury.* While it is not negligence *per se* for a railway company to permit standing grass and weeds to remain on its right-of-way, (*Railway Co. v. Butts,* 7 Kas. 308,) yet it may permit dry grass to remain and dry weeds and stubble to accumulate thereon at such times, to such extent and under such circumstances as justly to subject it to the imputation of negligence; and whether in any given case its action in this respect is negligent, is ordinarily a question of fact for the jury.

#### *Error from Lyon District Court.*

ACTION by *White* against the *Railway Company,* to recover damages for the burning of certain hay owned by him, which was alleged to have been caused by the negligent setting out of a fire by an engine of the defendant company. At the March Term, 1883, the court sustained defendant's demurrer to plaintiff's evidence, and rendered judgment for costs against the plaintiff. He brings the case here. The opinion contains a statement of the facts.

*Buck & Feighan,* for plaintiff in error.

*David Kelso,* and *C. N. Sterry,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The plaintiff sued for damages to his property caused by the negligent setting out of a fire by an engine of

the defendant company, and proved the setting out of the fire, and damage. The defendant demurred to the evidence, and the court below sustained the demurrer. The following is the record statement of the evidence:

"The plaintiff, to maintain the issues on his part, proved by due and legal evidence that the property set out in his petition was burned at the time therein stated, and that the plaintiff was damaged by said fire in the sum of $300, and that said fire was set out by an engine of defendant, drawing one of the passenger trains and going north; that it was a very dry time, and had been so for three weeks; that the prairie grass grew on defendant's right-of-way up to the ends of the ties, and from there to the extreme limit of the right-of-way, and was dry, and had not been cut nor cleaned off that season; but cattle had grazed thereon and eaten it down in places, and in other places it was standing in rank stools; that said fire occurred September 13, 1882; that there was a dry ditch on defendant's right-of-way near the outer limit thereof, in some places in which tumble-weeds and other matter of like character had accumulated near where the fire started, but whether any such accumulations were where the fire was set out, the witness did not know. The plaintiff's land next to the right-of-way had been mown off, and the hay stacked. The fire started on defendant's right-of-way at or in said ditch, burning up to the ends of the ties and spreading out from the right-of-way on to said plaintiff's land. At that time defendant was running two passenger trains on that road, one train a day each way. It was one of these engines that set out this fire. One of these two engines had previously set out two fires the same day; but the witness so testifying could not state which of these two engines it was."

This was all the evidence.

Plaintiff complains, and insists first, that as a matter of law a mere setting out of a fire by a passing engine is *prima facie* evidence of negligence; second, that permitting dry and inflammable material to accumulate along its right-of-way is negligence *per se;* and third, that if neither of these propositions be correct, there was enough testimony to raise a question of fact as to the existence of negligence, which should have been referred to a jury, and ought not to have been settled by the court.

Passing the first two propositions of counsel, we think the latter one is correct, and that there was enough testimony to send the case to the jury.    As to the rule in reference to such cases, and the circumstances under which the court is justified in sustaining a demurrer to the evidence, see *Brown, Adm'r, v. Rld. Co.*, ante, p. 2.    Now while it may be conceded that permitting dry grass and stubble to accumulate on its right-of-way is not negligence *per se*, (*Rly. Co. v. Butts*, 7 Kas. 314,) yet the accumulation may be to such an extent, at such a season of the year, and in such proximity to the track, that a jury would be justified in holding the company guilty of negligence.    In the case of *Kesse v. Rld. Co.*, 30 Iowa, 78, the court laid down this rule:

"To allow the dry grass, weeds and other combustible matter, the natural accumulations of the soil, to remain on the right-of-way, is not negligence *per se;* but there may be such peculiar or unusual circumstances in a given case as to amount to negligence in fact; and when such circumstances exist, they are proper to be submitted to a jury for the purpose of establishing the fact of negligence."

We think it is generally true that when the evidence shows an accumulation of dry grass and stubble, it is a question of fact for the jury whether the accumulation is such and under such circumstances as to impute negligence.    Here, by the statement, not only was the natural growth of grass on the right-of-way standing in places in rank stools, but further, in a dry ditch was an accumulation of tumble-weeds and other like matter.    This was in the fall of the year, at a very dry time; and whether the accumulation at such time and under such circumstances was sufficient to charge negligence upon the company, is a question which the jury should have been permitted to pass upon. (*Kellogg v. Rld. Co.*, 26 Wis. 235; *Flinn v. Rld. Co.*, 40 Cal. 141; *Rld. Co. v. Shanofelt*, 47 Ill. 497; *Rld. Co. v. Nunn*, 51 id. 78; *Barron v. Eldridge*, 100 Mass. 455; *Webb v. Rld. Co.*, 49 N. Y. 420; *Snider v. Rld. Co.*, 11 West Va. 14; 38 Amer. Dec., p. 72, and cases cited.)

The judgment of the court below will be reversed, and the case remanded for a new trial.

All the Justices concurring.