## UNION PACIFIC RAILWAY CO. v. GILLAND.

RAILROADS — FIRE-GUARDS — NEGLIGENCE — LIABILITY FOR FIRE
ORIGINATING ON RIGHT OF WAY—EVIDENCE—QUESTION FOR
JURY.

1. The statute requiring a railroad company, between September first and November first in each year, to burn, as a fire-guard, all grass and vegetation growing upon its right of way (sec. 1947 Rev. Stat. as amended by Act of January 8, 1891, chap. 34 L. 1890-91) is fully complied with, if at any time between those dates the right of way is burned off as directed.

2. There could be no liability for a fire occurring October 20, 1891, under section 1949, Rev. Stat. as amended in 1891, making a railroad company liable for all 'damage by fire that is caused by operating its line of road when such company has failed to burn a fire-guard.

3. Without the statute it is the duty of a railroad company to exercise ordinary and reasonable care and prudence in the operation of its railway, and to take those usual, ordinary precautionary measures which a prudent, reasonable person would take to prevent the spread of fires originating upon its right of way from the operation of its engines.

4. For that reason it was not error to permit a witness for plaintiff in an action against a railroad company for damages caused by fire claimed to have originated upon its right of way, to testify that he had examined the right of way in the vicinity of the fire, and from the appearance he did not think it had been regularly burned over; nor was it error to permit a witness for plaintiff to testify with respect to the plowing of a fire guard by the company.

5. The testimony was admissible not for the purpose of showing statutory liability, but in the event that the jury should find from other circumstances that some precautionary measures of that nature were necessary or prudent, for the purpose of showing that defendant had not exercised ordinary, reasonable care and prudence.

6. The plaintiff, as a witness in his own behalf, having testified that he observed the fire shortly after it originated, assisted others in efforts to stop it, and that while it was burning the wind was blowing from the direction of the

railroad; that the next day he followed the track of the fire up towards its place of beginning; and having stated all the facts he observed, the appearance of the ground burned over, etc., it was proper to permit him to state his belief as to the place where the fire started.

7. It is not negligence per se for a railroad company to permit "stalks, grass, grain, or stubble" to grow or remain upon its right of way in considerable quantities.

8. The negligence of a railroad company in failing to remove dangerous combustible matter from its right of way is a question for the jury.

[Commenced in District Court April 15, 1892; Decided December 1, 1893.]

Error to the District Court of Laramie County, Hon. Richard H. Scott, Judge.

This was an action brought by George H. Gilland against the Union Pacific Railway Company. Verdict and judgment for plaintiff. Defendant brings error. The nature of the case and the facts so far as material, are stated in the opinion.

*Lacey & Van Devanter*, for plaintiff in error.

The presumption is that the company had plowed the fire guard in 1890 as required by law. The time for burning fire guard in 1891 had not elapsed at the time of the fire. Witnesses must state facts, and not draw conclusions or give opinions. The cases in which opinions of witnesses are allowable constitute exceptions to the rule, and the exceptions are not to be extended or enlarged so as to include new cases, except as a necessity to prevent the failure of justice and when better evidence cannot be had. (Teerpenning v. Com. Exch. Ins. Co., 43 N. Y., 279; Continental Ins. Co. v. Del Pench, 82 Pa., 225; Simmons v. New Bedford, etc., 97 Mass., 361; Congress, etc. v. Edgar, 99 U. S., 645; Jones v. Tucker, 41 N. H., 546; Muldowney v. Ill. Cent. R. R. Co., 36 Ia., 462; Scattergood v. Ward, 79 N. Y., 263; Hopkins v. Ind. & St. L. R. R. Co., 78 Ill., 32; Seliger v. Bastian, 66 Wis., 521; Morris v. East Haven, 41 Conn., 252; Thompson v. De Prez,

96 Ind., 67; Connor v. Stanley, 67 Cal., 315). In the absence of statute it was the right of the company to adopt any method of preventing the spread of fires which was reasonably calculated to accomplish that object. Whether or not the company had been negligent was a question for the jury. (Wis. Valley R. R. Co., 58 Wis., 335; Gibbons v. W. V. R. R. Co., 66 id., 161; Pierce on Railways, p. 434; Perry v. So. Pac. R. R. Co., 50 Cal., 578; White v. Mo. Pac. Ry. Co., 31 Kan., 280; Kan. Pac. Ry. Co. v. Butts, 7 id., 308; Redfield on Railways, p. 472, n.; Tex. & Pac. Ry. Co. v. Medaris, 64 Tex., 92; Van Ostrand v. Wallkill Val. R. Co., 19 N. Y. Supp., 621; Kesee v. C. & N. R. R. Co., 30 Ia., 78; O. & M. R. R. Co. v. Shanefelt, 47 Ill., 497; Ill. Cent. R. R. Co. v. Nunn, 51 id., 78; Toledo W. & W. R. R. Co. v. Corn, 71 id., 493; Spencer v. Mont. Cent. Ry. Co.).

*W. R. Stoll,* for defendant in error.

The statute making a railroad company liable for damages caused by fire, in case of failure to burn a fire guard has no reference to the burning of a guard between Sept. 1 and Nov. 1. That, however, is immaterial. The trial court eliminated the statutory liability from the case. There was no error in the decision of the trial court as to the admissibility of the testimony now objected to. (Gram v. N. Pac. R. R. Co., 1 N. Dak., 252; St. L. & S. F. Ry. Co. v. Richardson, 47 Kan., 517.) The following cases are cited to illustrate that it is considered sufficient evidence of negligence to show that grass of the same season has been permitted to become dry so that it would ignite where there had been no accumulation of previous years. (Bowen v. St. P. M. & M. R. Co., 36 Minn., 522; Eigme v. Rome W. & O. R. Co., 57 Hun., 586; Gulf C. & S. F. R. Co. v. Benson, 69 Tex., 407; Mo. Pac. Ry. Co. v. Ayers, 8 S. W., 538 (Tex.); Kellogg v. C. & N. Ry. Co., 26 Wis., 223; Sibelrud v. M. & St. L. R. Co., 29 Minn., 58; Kesee v. C. & N. W. R. R. Co., 30 Ia., 78; B. & M. R. R. Co. v. Westover, 4 Neb., 268; Bass v. C. B. & Q. R. R. Co., 28 Ill., 9; Ill. Cent. R. R. Co. v. Mills, 42 Ill., 407; O. & M. R. R. Co. v. Shamfelt, id., 497; C. & E. I. R. Co. v. Goyette, 133

Ill., 21; Billings v. Fitzburg R. Co., 11 N. Y. Supp., 837; Gram v. N. Pac. R. Co., 1 N. Dak., 252; Del., Lack. & West. R. R. Co. v. Salmon, 39 N. J. L., 299; P. C. & St. L. Ry. Co. v. Jones, 86 Ind., 496; Camton v. East. Ry. Co., 45 Minn., 481; Eddy et al. v. Lafayette, 49 Fed., 807; St. L. & S. F. Co. v. Richardson, 47 Kan., 517.) In the instruction complained of all the sentences making up the paragraph must be considered together. The failure to perform a duty commanded by statute is negligence per se. (N. P. Ry. Co. v. De Busk, 12 Colo., 294; U. P. Ry. Co. v. Arthur, 29 Pac., 1031; Small v. C. R. I. & P. R. Co., 50 Ia., 338; Mo. Pac. Ry. Co. v. Merrill, 40 Kan., 404; Tilley v. St. L. Ry. Co., 49 Ark., 535; Karron v. M. R. R. Co., 11 N. W., 122 (Minn.); Sibebrud v. M. R. R. Co., 29 Minn., 58; Niskern v. R. R. Co., 22 Fed., 811; Bowen v. R. R. Co., 36 Minn., 522; Small v. R. R. Co., 50 Ia., 338; Engle v. R. R. Co., 37 N. W., 6 (Ia.); West v. R. R. Co., 77 Ia., 654; R. R. Co. v. Quanitance, 58 Ill., 389; R. R. Co. v. Clampit, 63 Ill., 95; R. R. Co. v. Larmon, 67 id., 38; R. R. Co. v. Campbell, 86 id., 443; Grissell v. H. R. R. Co., 54 Conn., 447; Kelsey v. C. R. R. Co., 1 S. D., 80.) The plaintiff was entitled to a verdict on account of the failure to use proper spark arresters, irrespective of the question of accumulation of combustible material upon the right of way. The emission of sparks of unusual size, or both of unusual size and in unusual quantities, is evidence sufficient to raise the presumption of negligence. (Johnson v. Pac. Ry. Co., 1 N. D., 354; Hiam v. R. Co., 46 N. W., 972 (N. D.); White v. Ry. Co., 1 S. D., 326; 2 Woods Ry. Law, 1343 and cases cited; 2 Greenleaf on Ev., Sec. 230; Wharton Negl., Sec. 870; Shear & R. Negl., Sec. 57-60; Prince R. R. 477, 438; 1 Redf. R., 476; 2 Rorer R. R., 796; White v. C. M. & St. J. R. Co., 70 Mo., 243; 80 Mo., 573; Sheldon v. Hud. Riv. R. Co., 14 N. Y., 218; Whit. Mo. Pac. Ry. Co., 31 Kans., 280; Toledo W. & W. Ry. Co. v. C. M. St. P. Ry. Co., 22 Fed., 811; Field v. N. Y. C. R. Co., 32 N. Y., 339; Hart v. Ry. Corp., 13 Nutc., 99; Pratt v. R. Co., 42 Me., 579; Babcock v. C. & N. W. R. Co., 62 Ia., 593; Gaudy v. C. & N. W. R. Co., 30 Ia., 420; Jennings v. R. Co., 93 Pa. St., 339;

Ry. Co. v. Greys, 21 Fla., 669.)   At common law a person starting a fire upon his own premises, was answerable to any one else whom such fire damaged, provided the fire escaped from the control or property of the one who started it.   In some of the states this doctrine as to railroad companies has been laid aside, and they are held not liable if they properly equip their engines, and have them properly managed.   In other states the company is required to show want of negligence, the mere proof of setting out fires being considered as prima facie evidence of negligence.

CLARK, JUSTICE.

This action was brought in the district court of the County of Laramie by defendant in error against plaintiff in error to recover damages alleged to have been been occasioned by the plaintiff in error having on October 20, 1891, operated its line of railway in such negligent and careless manner that it set fire to the grass and other vegetation which it had negligently permitted to grow and accumulate upon its right of way; and commencing there the fire so set out communicated with the grass growing upon defendant in error's lands and consumed the same to his damage, etc.   The acts of negligence complained of as having been the proximate cause of the injury are:

1st.   That the railway company did not between the 1st day of September, 1891, and the 1st day of November, 1891, or at any other time, burn as a fire guard all grass and vegetation growing upon its right of way in such manner as to effectually destroy the same.

2nd.   That it negligently and carelessly permitted grass, hay and other inflammable vegetation to grow and accumulate upon its right of way and did negligently set fire to the same by means of sparks and coals of fire dropping thereon from its engines while engaged in operating its railroad.

3rd.   That it set out the fire upon its right of way and so negligently and carelessly watched and tended it that it came to complainant's lands and consumed the grass growing thereon.

4th. That it was negligent in failing to supply its engines with proper spark arresters and to properly handle its engines so as to prevent the emission of sparks of unusual size and in unusual quantities by reason of which negligent failure fire was kindled upon its right of way, spread to complainant's lands and consumed his grass, etc.

The railway company's answer was simply a general denial of all matters alleged in the petition. There was a trial before a jury and verdict for plaintiff below, and judgment thereon. Defendant below made its motion for a new trial, which was overruled, and the case is before us upon petition in error.

In the allegations of the petition setting forth the first acts of negligence complained of as hereinbefore stated, there was an evident attempt to bring this cause within the operation of Secs. 1947 and 1949 of the Revised Statutes of Wyoming, as amended by Ch. 34, pp. 156 and 157 of Session Laws of 1890-91. Sec. 1947 makes it the duty of every railroad company operating a line of railway within this State to burn, between the 1st of September and the 1st day of November in each and every year, as a fire guard all grass and vegetation growing upon its right of way for a distance not exceeding two hundred feet on both sides of its road-bed, in such manner as to destroy the same and prevent fires spreading therefrom to adjacent lands. Sec. 1949 provides that every such railroad company "shall be liable for all damage "by fire that is set out resulting or caused by operating any "such line of road or any part thereof, when such railroad "company has failed to burn a fire guard as provided in "Section 1947."

These sections were enacted January 8, 1891; prior to that date the statute required railroad companies to plow as a fire guard a strip of land six feet in width upon the exterior of its right of way; the liability for want of compliance with the statute being the same as now. The effect of the amendment being to substitute one method of precaution for the other.

It is not charged that the railway company failed to comply

with the statute relating to plowing fire guards; and inasmuch as the period from September 1st, 1891, to November 1st, 1891, was the first period during which it was the statutory duty of the company to burn off its right of way, I am unable to conceive how it is possible to bring a loss from fire occurring on October 20, 1891, within the operation of the statute. The statute makes it the duty of the company to burn off its right of way at some time between September 1st and November 1st, and imposes liability for non-compliance; and certainly the statute is fully complied with if at any time between those dates the right of way is burned off as directed, it matters not whether it be done on October 31st or at an earlier day. And this being so there could be no liability under this statute on the day the fire complained of occurred, viz.: October 20th, 1891, because the company had the unquestionable right under the statute to delay burning off its right of way until the 31st day of October, 1891; and hence it follows that this transaction is in no way affected by the statute referred to, but is to be determined solely from a consideration of the common law liability and duty of the railway company, and such was the view taken of the matter by the court below—correctly as we think.

Counsel for plaintiff in error in their brief, and also at the argument, presented five errors alleged to have been committed by the trial court at the trial, four of which are based upon the alleged erroneous admission of testimony, and one upon an instruction to the jury. We will confine ourselves to a consideration of these alleged errors.

It is urged: First, that the court erred in permitting a witness for plaintiff to state in answer to a question pertinent to the reply, that he had examined the right of way in the vicinity of the fire and from the appearance he did not think it had been regularly burned over, and: Second, that the court erred in permitting the plaintiff testifying in his own behalf in reply to the question, "but as to the entire right of way for two hundred feet on each side of the track, had that been plowed over, and what do you mean by a fire guard having been plowed, state that a little more fully?" to an-

swer: "The fire guard was five furrows wide, that is, they intended to plow and did plow in places and in other places the ground was so hard and dry they couldn't get a plow to go into the ground. The fire guard was plowed at the outside limit of the right of way."

As to these alleged errors it is claimed that they were calculated to mislead and confuse the jury, the first question upon the claim that it became the duty of the company to burn the vegetation from the right of way prior to October 20, 1891, the day the fire was set out, and the second question, upon the duty of the defendant to plow a fire guard; no complaint having been made of any failure on the part of the company to comply with the law relating to plowing of fire guards, nothing in relation thereto was in issue.

As to the first question relating to the burning of the right of way. I do not think that in view of the fact that the court expressly charged the jury that "inasmuch as the "statute allowed the defendant until November 1st to burn "the fire guard, and the fire occurred on October 20th, 1891, "the plaintiff had not shown a failure to burn the fire guard "such as to create liability under this statute," it can be claimed that the answer of the witness was calculated to mislead the jury with respect to defendant's duty in this respect.

And as to the question about the plowing of the fire guard, the answer of the witness simply tended to strengthen the presumption arising from there being no complaint on that score, that the railway company had the year previous performed its duty in that respect.

But I think the evidence here complained of was admissible upon other grounds. It was certainly the duty of the railway company to exercise ordinary and reasonable care and prudence in the operation of its railway, and to take those usual, ordinary, precautionary measures which a prudent, reasonable person would take to prevent the spread of fires originating upon its right of way from the operation of its engines. I think there can be no doubt but that the plowing of a fire guard, or the burning off of inflammable

matter lying upon and along the right of way of a railroad, are among those reasonable precautionary methods which would be adopted by a railroad company in the exercise of that reasonable care exacted of it by the law. Not the only methods it is true, but still among the proper reasonable methods. Now the gist or gravamen of plaintiff's cause of action was the alleged negligence of the defendant. The burden of proof was upon the plaintiff to establish that negligence, and it could be established in only two ways: first, by testimony tending to show some positive act of commission on the part of defendant, or, second, by testimony tending to show some negative act of omission on its part; actionable negligence consisting of either some positive act or of a failure to exercise ordinary care and prudence: and hence I can perceive no good reason why the evidence complained of might not be introduced, not for the purpose of showing statutory liability, but in the event that the jury should find from other circumstances that some precautionary measures of this nature were necessary or prudent for the purpose of negativing the idea that defendant had exercised ordinary, reasonable care and prudence. In other words, it was proper to put the jury in full possession of all the facts with reference to the right of way, so that they might fully understand its exact condition and thus be enabled to determine whether or not the defendant had been guilty of negligence.

The next two errors complained of are based upon—third —the ruling of the court in permitting the plaintiff testifying in his own behalf to state to the jury that on the day following the fire, and at a subsequent time, he made such an examination as enabled him to state positively that the fire which burned his pastures started upon the defendant's right of way, and, fourth, the ruling of the court in refusing defendant's motion to strike out such testimony.

The evidence shows that plaintiff did not see the fire when it first originated, but did so shortly after. Upon observing it he and several others went up to it, and with sacks whipped it out as well as they could. While the fire was burning the wind was blowing from the direction of the railroad. The

next day plaintiff followed the track of the fire up towards its place of beginning. Upon his examination he fully stated all the facts he observed, and the appearance of the ground burned over, etc., and the question complained of was asked him, to which he replied as above stated. The objection is thus stated by plaintiff in error. "It permitted the witness to state not the facts from which he concluded that the fire had started from the right of way, but his conclusion from certain facts which might be more or might be less convincing that the fire had actually started at that particular place." And in support of this objection, this legal proposition is urged upon us that: "As a rule witnesses must state the facts and not draw conclusions or give opinions. It is the duty of the jury or court to draw conclusions from the evidence and form opinions upon the facts proved. The cases in which the opinion of witnesses are allowable constitute exceptions to the general rule, and the exceptions are not to be extended or enlarged so as to include new cases except as a necessity to prevent the failure of justice and when better evidence cannot be had. Teerpenning v. Corn Exch. Ins. Co., 43 N. Y., 279."

The general rule is well stated in the above quotation and is abundantly supported by the authorities, but I hardly think it is at all applicable to this particular question. On the contrary, I am of the opinion that the evidence here complained of comes within one of the well recognized exceptions to the general rule, viz.: a witness may frequently state a conclusion of fact from appearances. 1st Thompson on Trials, Sec. 379. Or as it may be otherwise stated, a witness may state his persuasion or belief as to an ultimate fact, when such persuasion or belief is founded on facts within his own knowledge, or coming under his personal observation. Starkie on Ev., 173. Many illustrations of this rule are to be found in the books, for instance, the fact that a person was intoxicated may become relevant; a witness who saw and observed the person at the time it was claimed he was intoxicated may, along with the facts which he observed, state his persuasion or belief that the person was

intoxicated. It is true that this belief is a conclusion drawn from other facts, but it is not objectionable on that account. As a matter of fact, the impression made upon the mind of the witness by observation of the facts, is probably better evidence of the fact sought to be established than a mere detailed statement of what he observed. Choice v. State, 31 Ga., 424, at pp. 465-67; People v. Eastwood, 14 N. Y., 562.

On a trial for larceny, the fact that the prisoner's wagon had made certain tracks became relevant; a witness who had examined the wagon, observed its peculiarity and measured the width of its wheels, was allowed to testify that in his belief the tracks were made by the prisoner's wagon. State v. Folwell, 14 Kans., 105. And so here, the witness saw the fire soon after it commenced, noticed the direction of the wind, observed the course of the fire, and thereafter went over the ground and followed the track of the fire up to what impressed him as being its place of commencement; under such circumstances I have no doubt that it was entirely proper to permit him to state his belief as to the place of the commencement of the fire. Cavendish v. Troy, 41 Vt., 99; Yahn v. City of Ottumwa, 60 Iowa, 429; Whittier v. Town of Franklin, 46 N. H., 23. And hence I am of opinion that the four objections to the introduction of testimony were not well taken, and that the court below committed no error in this respect.

The fifth and last error complained of is the third instruction given to the jury by the court at the request of the plaintiff below, as follows:

"The court instructs the jury that it is negligence in the "defendant to fail to use ordinary care to keep its own land "or right of way clear of combustible matter. The most "frequent application of this principle is seen in cases where "a railway company permits stalks, grass, grain or stubble to "grow or remain on its right of way in considerable quanti- "ties. The proof of such combustible material on the right "of way and its being set on fire by the company's engines "makes out a case of negligence on the part of the company,

"and in this case, as bearing upon the question as to whether
"the defendant did permit combustible material to accumu-
"late or remain on its right of way at the place the fire was
"set out, it is proper for the jury to consider whether there
"was a heavy growth of grass there and whether old grass
"had been permitted to remain there for one or more years,
"and whether the right of way had been burnt over so as
"to effectually destroy vegetation capable of being easily
"ignited. If the jury find that defendant did permit such an
"accumulation of combustible material and that it was set
"on fire by the defendant's engines, and that the fire spread
"to and destroyed the grass of the plaintiff, I charge you that
"the defendant was guilty of negligence."

At the argument and in briefs of counsel a great deal was
said as to the proper construction of this instruction. In my
judgment it is hardly worth while to enter upon any ex-
tended analysis of the language and structure of the instruc-
tion. It is plain, simple, clear and to the point, and its mean-
ing in no way doubtful. In its first clause there is an at-
tempted definition of negligence as applied to the facts of this
case, viz.: "The court instructs the jury that it is negligence
"in the defendant to fail to use ordinary care to keep its
"right of way clear of combustible matter." This is perhaps
true in some cases, but it is certainly not true in all cases,
and whether it be true in any case is a question for the jury
to determine under all the circumstances of the case, and not
for the court: but admitting that under the circumstances of
this case it was a correct statement of the law, the instruction
proceeds: "The most frequent application of this principle
"is seen in cases where a railway company permits stalks,
"grass, grain or stubble to grow or remain upon its right of
"way in considerable quantities. The proof of such com-
"bustible material on the right of way and its being set on
"fire by the company's engines makes out a case of negligence
"on the part of the company." What does this mean if not
that the proof of such described combustible material being
on the right of way and its being set on fire by the company's
engines, demonstrates conclusively that the company did not

exercise ordinary care in the maintenance and use of its right of way and therefore was guilty of negligence; and this being so, what does it do but take away from the jury their right to exercise their judgment upon the facts as to whether or not the company failed to use ordinary care in the use of its property, and to substitute in the place thereof the judgment of the court. The instruction was evidently based upon and could have been based upon no other proposition than that it was negligence per se for the railway company to permit "stalks, grass, grain or stubble to grow or remain on its right "of way in considerable quantities." It is clear from the evidence, and in fact not disputed, that the only combustible material on the right of way of the railway company was the natural accumulations of the soil, and it has been so often decided that such an accumulation upon the right of way of a railway company does not constitute negligence per se, under the rules of the common law, that it is now too late to look upon the question as open to argument or dispute. It is entirely proper to submit to the jury proof of all the facts mentioned in the instruction as tending to show negligence and want of care on the part of the railroad company, but it is for the jury in the exercise of their judgment after consulting together and applying their separate experience of the affairs of life to the facts proven to draw the conclusion as to the negligence or want of care of the railroad company.

While it is a well and, as we think, correctly settled doctrine that a railroad company must keep its right of way reasonably clear of dangerous combustible matter, and if a fire occurs in consequence of a negligent failure to do so, and loss thereby happens to another, the company will be liable therefor, it is, we think, equally as well and as correctly settled that the negligence of the company in failing to remove such dangerous combustible matter is always a question for the jury and not for the courts. Sioux City & P. R. R. Co. v. Stout, 17 Wall., 657; Jones v. Mich. Cent. R. R. Co., 59 Mich., 437; Keesee v. Chi. & N. W. R. R. Co., 30 Iowa, 78; Gibbons v. The Wisconsin V. R. R. Co., 58 Wis., 335; Kansas Pac. R. R. v. Butts, 7 Kan., 308; White v. Mo. Pac. R. R. Co.,

31 Kan., 280; Ill. Cent. R. R. Co. v. Mills, 42 Ill., 408; Ohio & Miss. R. R. Co. v. Shawefelt, 47 Ill., 497; Tex. & Pac. Ry. Co. v. Medaris, 64 Tex., 94; Perry v. So. Pac. R. R. Co., 50 Cal., 578; B. & M. R. R. Co. v. Westover, 4 Nebr., 268; Kellogg v. Chi. & N. W. R. R. Co., 26 Wis., 223; Richmond & Dan. R. R. Co. v. Medley, 75 Va., 499; Pierce on Railways, p. 434; Redfield on Railways, 472; 1st Thompson on Negligence, 162; 2d Thompson on Negligence, 1235-1239; Detroit & Mich. R. R. Co. v. Van Steinburg, 17 Mich., 118-124; Grand Trunk R. R. Co. v. Ives, 144 U. S., 408; Wines v. Rio Grand & W. Ry. Co., 33 Pac. Rep., 1043; Leak v. Rio Grande W. Ry. Co., 33 Pac. Rep., 1045; Van Ostrand v. Walkill Val. Ry. Co., 19 N. Y. Sup., 621.

It is urged upon us by defendant in error that notwithstanding the fact that the instruction complained of may be objectionable, still it was not harmful, when taken in connection with the other instructions given upon the trial. It is true that the court in the other instructions given repeatedly instructed the jury that before they could find for the plaintiff they must find that the fire was occasioned by the negligence of the defendant; but the difficulty in this case lies in the fact that in none of the other instructions was there anything stated which in any wise qualified the instruction complained of, while on the other hand it (the instruction complained of) qualified all the others. As we have seen, it stated as plainly as language could, that "the proof of such combustible material on the right of way and its being set on fire by the company's engines makes out a case of negligence on the part of the company," and the effect of this was to take away entirely the question of the defendant's negligence from the consideration of the jury and to substitute therefor the judgment of the court.

The judgment of the district court of the County of Laramie is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed.*

GROESBECK, C. J., and CONAWAY, J., concur.