## JOHN BRENNER
### v.
## JACOB COERBER.

1. NEW TRIAL—*presumption as to grounds upon which granted.* When a court grants a new trial it is presumed to be on the merits of the case.

2. SAME—*effect of.* The granting of a new trial upon the merits opens the whole case; and new testimony may be heard on the issues.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. J. GILLESPIE, Judge, presiding.

The facts sufficiently appear in the opinion of the court.

Mr. G. KŒRNER, for the plaintiff in error.

Mr. J. B. UNDERWOOD, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only point we deem it important to notice, made on this record, is as to the effect of granting the new trial.

The amended record shows, that, at the February Term 1864, a jury was impaneled to try the issues in the cause. The evidence was adduced, to which the defendant put in a demurrer, and the jury was, therefore, discharged.

The demurrer was overruled, and a jury impaneled to assess the damages, and a verdict rendered for one thousand dollars.

A motion for a new trial was allowed, and the cause went over to the March Term, 1865, when a jury was called, and the defendant offered evidence as in a trial *de novo,* but the court refused to permit it to go to the jury, and directed them to inquire of the damages only, for which purpose both parties were allowed to introduce evidence. This jury assessed the damages at twelve hundred dollars. A motion for a new trial was entered and overruled, and judgment entered on the verdict.

32 — 42D ILL.

It does not appear for what reasons a new trial was awarded, and it must be presumed it was upon the merits. If so, the whole case was opened, and set aside the ruling of the court on the demurrer to the evidence, and witnesses should have been heard on the issues made.

The defendant, having been precluded by the judgment of the Circuit Court from offering this kind of evidence, has been deprived of a right which he had, and which can only be restored to him by a reversal of the judgment and directing a new trial on the merits, which the court should have granted when applied for after the last assessment; the second error is well assigned.

The judgment of the Circuit Court is reversed, and the cause remanded for a new trial on the merits.

*Judgment reversed.*