## THE STATE OF KANSAS v. JOHN SULLIVAN.

1. REVIEW OF TRIAL; *Agreed Statement of Facts.* In criminal as well as civil cases where the facts are agreed, this court can determine what conclusions are to be drawn therefrom as readily and fully as the trial court.

2. TRESPASS; *Opening Fence.* Where a party is charged under § 2 of ch. 113, Gen. Stat., with having voluntarily and unlawfully thrown down a fence other than that "leading into his own inclosure," and where it is agreed that defendant and the prosecuting witness occupied with inclosed fields separate portions of the same tract, the right to purchase which from the government they were contesting, that defendant had built a house within the limits of his field which he had been for months occupying as his home, that his west fence was along a county road, through which fence he was accustomed to pass to and from his house at a place where there was a "slip-rail gap, or a loose rail," and that the prosecuting witness had a few days before the alleged offense built around the inclosure of defendant an outer fence, which along the county road was but eighteen inches or two feet from defendant's fence, *held,* that the defendant had committed no offense under the statute in removing that portion of this outer fence in front of the "slip-gap" in his own fence, so as to permit his passage to and from the county road.

### Appeal from Montgomery District Court.

SULLIVAN was tried before a justice of the peace and convicted for an alleged violation of § 2 of ch. 113, Gen. Stat., "an act to prevent certain trespasses." He appealed to the district court, where another trial was had at the September

Term 1874, M. S., judge *pro tem.*, presiding. The facts were agreed to, signed by the parties, and filed. The defendant was again convicted, and he now brings the case here by appeal.

*Turner & Ralstin*, and *R. J. Hill*, for appellant.

*A. B. Clark*, county-attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: This case was tried by a judge *pro tem.*, and without a jury, upon an agreed statement of facts. The charge was, that defendant voluntarily and unlawfully threw down a fence other than that "that led into his own inclosure," and was brought under § 2 of the "act to prevent certain trespasses," Gen. Stat., 1096. Defendant was found guilty, and sentenced to pay a fine of five dollars, from which sentence he has appealed to this court. As this case was tried upon an agreed statement of facts, and without the introduction of witnesses, it is presented to us very much as it was to the trial court. Those considerations so often adverted to, which uphold the decision of the lower tribunal in doubtful cases, have no application here. We can act upon it in almost the same manner as though it were an original case in this court. *Kansas Pacific Rly. Co. v. Butts*, 7 Kas., 308. Do the facts as agreed upon show a violation of this statute, by the defendant? It seems to us, clearly not. The facts are substantially these: For months prior to the alleged misdemeanor, defendant and one Kennedy were occupying the same tract of land, and contesting the right to purchase it from the government. A trial in the local land-office had resulted in favor of Kennedy, but an appeal therefrom was still pending before the Commissioner of the General Land Office. Kennedy had a field fenced on the south side of the tract. On the north, defendant had built a house and was occupying it. This house was about forty yards from a county road, which ran along the west line of the tract. Around

1. Review of trial, where facts are agreed.

2. Removal of fence—when no trespass.

this house defendant had built a fence, the west line of which was on the county 'road, through which, at a place where was a "slip-rail gap, or loose rail," he .passed to and from his house. About a week or ten days before the commission of the alleged offense, Kennedy built a fence so as to entirely inclose defendant's house and field, the west fence of which along the county road was only eighteen inches to two feet from defendant's fence. In building this fence he put a post opposite the center of the "slip-gap" above referred to, to which he nailed some rails or slats. Defendant knocked off the slats, and pulled up the post, and passed in and out with his team and wagon. Kennedy replaced the post and slats, and defendant a second time removed them, and this removal was the offense charged. In this there was no criminal offense. It did not come within the statute. The fence thrown down was between his house and the public road, placed across the very way he had been accustomed to pass in and out from his home. It was not therefore, in the language of the statute, one "other than those that lead into his own inclosure." If this conviction be right, any man may have his homestead fenced in by an outer fence, and be thus debarred ingress and egress. Such is not the law. The contest between Kennedy and defendant cannot thus be carried on through the aid of the criminal law. With equal propriety might defendant surround Kennedy's field with an outer fence, and then ask to have him punished criminally if he broke it down to get into his field.

The judgment will be reversed, and the case remanded with instructions to discharge the defendant.

All the Justices concurring.