LEAVENWORTH, LAWRENCE & GALVESTON RLD. CO. v. ROBERT COOK.

1. PRACTICE IN SUPREME COURT; *When New Trial Granted on Facts.* Where a district court overrules a motion for a new trial *pro forma*, and does not approve or disapprove the verdict of the jury, the supreme court will order to be done in the case what it thinks the district court should have done; and if the verdict of the jury in such a case is not sustained by sufficient evidence, the supreme court will order that the verdict be set aside, and that a new trial be granted.

2. FIRING PRAIRIE; *Unavoidable Casualty.* A railroad company, in the usual and ordinary performance of its business, is not liable for a purely accidental fire caused by fire escaping from one of its engines.

*Error from Allen District Court.*

ACTION by *Cook*, to recover damages alleged to have been caused by the carelessness and negligence of the *Railroad Company*. Judgment for plaintiff at the November Term 1874, and the *Railroad Company* brings the case here on error.

*S. O. Thacher*, for plaintiff in error.

*Murray & Richards*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced by Cook against the plaintiff in error before a justice of peace, and thence appealed to the district court, where the trial resulted in a judgment against the company, and thereupon the case was brought here. The case was tried in both the justice's court and the district court, on the following bill of particulars:

The Leavenworth, Lawrence & Galveston Railroad Company,        To ROBERT COOK, Dr.:

To $72.00 damages, resulting from the burning up and total destruction of 18 tons of hay in the county of Allen, state of Kansas, on or about the 18th of November 1873, by and on account of the agent and servants of the said Leavenworth, Lawrence & Galveston Railroad Company, while in the ordinary and usual performance of their duties as such agents or servants, carelessly and negligently setting fire to the prairie in said county of Allen, on or about said date, by which said fire in its spread and course said hay was burned and consumed, the same being reasonably worth at the time, the sum of $4.00 per ton, $72.00.

The jury returned a general verdict, in favor of the plaintiff below, and against the defendant for $72 damages, and also, in response to the following questions submitted to them, made the following answers, to-wit:

"1.–Was the fire that injured plaintiff's property caused by the defendant? *Yes.*

"2.–Was the fire caused by sparks from the engine? *No.*

"3.–Was it caused by coals from the ash-pan of the engine? *No.*

"4.–Was it caused by fire from stoves on said defendant's train? *Stoves or furnaces.*

"5.–If fire was caused by fire taken and thrown from stoves on train, who was it thrown by? *By employés of said road.*

"6.–Was the fire caused by employés maliciously? *We cannot answer.*" * * *

"And thereupon the defendant moved the court to require the jury to make certain answers to the 4th and 6th questions, and thereupon the jury retired and after consideration

returned to the 4th question the following answer: 'From the evidence we cannot say;' and did not change their answer to the 6th question, and thereupon the defendant moved the court to require the jury to answer said 4th and 6th questions certainly and specifically, which the court refused to do, to which refusal the defendant excepted.

"And thereupon on the same day came on for hearing the defendant's motion for a new trial herein, which is as follows:

"(*Court, and title.*) 'And now comes the defendant and moves the court for a new trial herein, for the following reasons:

"'1st. The court erred in not requiring the jury to render certain and specific answers to each of the 4th and 6th questions submitted to the jury.

"'2d. The said verdict of the jury is not sustained by the evidence, and is contrary to the evidence.

"'3d. The special findings of fact by the jury are contrary to the evidence.

"'4th. The general verdict of the jury is not consistent with the special findings of the jury.'

"And thereupon both parties expressing a desire to have the questions at issue passed upon by the supreme court, the court made the following order:

"'And now this cause came on for hearing on the defendant's motion for a new trial herein, and the court doth *pro forma* overrule said motion, inasmuch as the parties desire the opinion of the supreme court on the issues involved. To which ruling and decision, the defendant excepted.' The court then rendered judgment in favor of the plaintiff and against the defendant for $72, and costs."

The defendant now seeks to have that judgment reversed; and one of the first questions raised is, that the verdict of the jury is not sustained by sufficient evidence. All the evidence introduced on the trial in the court below has been brought to this court, but we shall give only such portions thereof as we may find necessary in the discussion of the different questions of law involved in the case. It will be noticed, that the court below in this case does not approve the verdict and findings of the jury, as is usually done by trial courts in similar cases when they overrule a motion to set aside the verdict. But in this case the court merely overrules the motion to set aside the verdict and findings *pro forma*, and consigns the whole question to the supreme court, unembarrassed by any approval or disapproval of the verdict on the part of the district court. We are therefore in this

case perfectly at liberty to order to be done what we think the district court should have done. Now in this case we do not think that the verdict is sustained by sufficient evidence; and acting as a district court should do in such a case, we must order that the verdict be set aside, and that a new trial be granted. We think that the evidence shows that the fire was caused by fire escaping from one of the defendant's engines, but we do not think that the evidence shows that the defendant, or any one of its agents or servants, was guilty of any negligence. The fire in this case seems to have been a purely accidental fire; and this case seems to have come within the decisions rendered in the cases of the *K. P. Rly. Co. v. Butts*, 7 Kas. 308, and the *M. K. & T. Rly. Co. v. Davidson*, 14 Kas. 349; and therefore the railroad company in this case is not liable. We have said that we think the evidence shows that the defendant's engine caused the fire. This is not the verdict of the jury however. The jury say otherwise. In answer to the second question, which was, "Was the fire caused by sparks from the engine," the jury answer, "No." In answer to the third question, which was, "Was it caused by coals from the ash-pan of the engine," the jury also answer "No." But the evidence tends to show strongly that the fire was caused by the defendant's train as it passed, and there was not a particle of evidence tending to show that there was any fire on or about the train except in the engine. The theory of the plaintiff below seems to be, that the fire was caused by fire taken by some one of the company's employés from a stove or furnace, and thrown out upon the dry grass. But there was not a particle of evidence in the case from which such a theory could logically be drawn. And the entire evidence was against any such theory. Every one of the company's employés testifies that he did not throw out any fire at that place, and there was no proof that any one of them did so. Indeed, there was no proof that there was any furnace on the train except the one connected with the engine; and the only proof that there was any stove on this particular train, was the testimony of the

witness Thorp, who merely testified on this subject that, "As baggage-master I [he] had charge of the stove in the baggage car." And there was no proof that there was any fire in even this stove. Indeed, as we have before stated, there was no proof that there was any fire about the train except that in the engine.

There was a pile of cinders and ashes afterward found in a ditch at or near where the fire started. This pile of cinders and ashes indicated that there had been from a quart to a half-gallon of coals and cinders thrown there. The ashes, coals and cinders do not seem to have been scattered, but were all together; and the pile made such a hot fire that the ground beneath it was burned red like brick dust for from one to two inches deep. This pile of cinders was found from six to eight feet east of the east end of the cross-ties. At the time that this fire occurred, the train was going north at the rate of about twenty miles an hour, and "at that time a very extraordinary and high wind was blowing from the northwest" against the train. Now is it possible that said pile of cinders could have been thrown from that train as it was moving and under such circumstances? Two of the witnesses say not. It must be remembered that the train did not stop at that place, but passed on north. The theory of the plaintiff below, that the fire was caused by fire thrown from stoves, or furnaces, by the defendant's employés, is not sustained by sufficient evidence, and the special findings of the jury negative any other supposable theory which might be advanced, and which would make the defendant liable.

The judgment of the court below must be reversed, and cause remanded for a new trial.

All the Justices concurring.