## THE MISSOURI PACIFIC RAILWAY COMPANY v. WILLIAM E. HAYNES.

1. CASE-MADE—*Service—Notice*.  A case may be made for the supreme court and served upon the opposite party at any time within three days after an order has been made overruling a motion for a new trial, or the court for good cause may extend the time in which to make and serve a case; and where the court has overruled a motion for a new trial, and, in the order overruling such motion, continues the matter to a day certain in the same term to perfect records and to fix time in which to make a case, it may, on the day to which the matter has been continued, again hear evidence and argument on the motion for a new trial, and, on overruling such motion and then rendering a final judgment on the verdict of the jury, may extend the time in which to make and serve a case for the supreme court, and by an order designate the notice to be given of the presentation of such case for settlement and allowance.

2. CONTINUANCE—*Absent Witness—Discretion*.  The matter of a continuance of a case on account of the absence of a material witness is within the sound discretion of the trial court, and where application for a continuance has been denied by the court, the appellate court will not reverse a judgment for that cause, unless there has been a clear abuse of such discretion.

3. INCOMPETENT EVIDENCE—*Fruit Trees—Injured by Fire*.  Opinions of witnesses as to the number of bushels of apples a thrifty tree, eight years old, will produce in an ordinary seasonable year, and the market value of fruit in the neighborhood for some time past and at the present, are not competent evidence on the trial of a case for injury to an orchard by fire.

4. RAILROAD, *Fire from—Orchard—Measure of Damages*.  The burning and destruction of an orchard by fire communicated to premises by a railway company in the operation of its road is an injury to the real estate itself, and the true measure of damages for injury is the difference in the market value of the land immediately before and after the injury.

5. INSTRUCTIONS— *Contributory Negligence—Fire from Railroad*.  It was error for the court to instruct the jury that the owner of property damaged by fire could not recover if his negligence had contributed to the injury, unless the jury believed from the evidence that his negligence was but slight and the negligence of the railway company was gross.  If the owner of the

property in this case was negligent at all, his negligence was clearly and necessarily direct and proximate, and the law will not compare the degrees of negligence where each party has been wanting in the care and caution that ordinarily prudent persons usually exercise.

6. —————— *Fire from Railroad—Presumption.* Where the petition of the plaintiff alleges that the fire that burned his orchard was set out by the engine of the railway company in the operation of its road, and that being so set out it spread and was communicated to his orchard and burned and destroyed the same, and the answer of the defendant denies each and every allegation in the petition, it is error for the court to instruct the jury: "Now the presumption arises in this case that the defendant set out the fire that burned the plaintiff's orchard, from the fact that the country burned over was adjacent to or near the right-of-way of the defendant," and this error was not cured by the fact that the court instructed the jury correctly on the law in other portions of its charge.

MEMORANDUM.—Error from Kingman district court ; S. W. LESLIE, judge. Action for damages by fire brought by William E. Haynes against The Missouri Pacific Railway Company. Judgment for plaintiff for $1,750. The defendant brings the case to this court. Reversed. The material facts are stated in the opinion, filed October 23, 1895.

*J. H. Richards,* and *C. E. Benton,* for plaintiff in error.

*T. B. Wall,* and *C. H. Brooks,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : The first question that confronts the court in the consideration of this case is a motion on the part of the defendant in error to dismiss the petition in error for the reason that no case was made and served in time as provided by law. This case was tried in the district court at the September term, 1890.

On the 20th day of September the jury returned a verdict; on the same day the plaintiff in error filed its motion for a new trial. On December 2 the following proceedings were had, as shown by the record: "And the court, after hearing said motion and being fully advised in the premises, overrules said motion for a new trial, to which the defendant duly excepts. The matter is continued until the 29th day of December, 1890, to perfect the record, and as to exceptions and taking time for case-made." On the 29th day of December, 1890, the following proceedings were had and entered upon the journals of the court:

"And now, to wit, on this 29th day of December, 1890, this cause came on to be heard upon defendant's said motion for a new trial, and on its motion to set aside the order heretofore made at this term of this court in this case overruling defendant's motion for a new trial. The plaintiff appeared by G. W. Cooper, his attorney, and the defendant appeared by W. B. Herod and George Gardner, its attorneys, and the court, after hearing the evidence and being fully advised in the premises, overrules said motions and each and all of them, to the overruling of which said motions and each of them the defendant objects and duly excepts; and 90 days herefrom, to wit, December 29, 1890, are given defendant in which to make and serve a case-made for the supreme court, and 20 days are given in which to suggest amendments; and the case-made to be settled upon five days' notice in writing by either party, and stay of execution is ordered for 20 days. And, upon motion of plaintiff, it is considered, ordered and adjudged by the court that the said plaintiff have and recover of said defendant the sum of $1,750, together with his costs herein taxed at $——, to all of which orders, findings, rulings, and judgment of the court, the defendant at the time duly excepted and excepts."

On the 19th day of March, 1891, a case was served

on the attorneys for the plaintiff below, and they acknowledged service in writing. On the 7th day of April, 1891, the attorneys for the plaintiff below suggested amendments, and at the same time signed a written stipulation waiving all notice of the time and place of settlement, and agreed that the case, with the suggestions of amendments, might be presented to the judge of said court for signing and settlement at any time. On the 8th day of April, 1891, the judge of the court settled and signed the case and attached his certificate thereto, and the same was duly attested by the clerk of said court under the seal thereof; and the case thus settled, signed and attested was filed on the 9th day of April, 1891.

The contention of counsel for defendant in error is, that at the time the court overruled the motion for a new trial on the 2d day of December, 1890, it was a final judgment of the court, and no case was served within three days after the ruling of the court on this motion; and that after the expiration of three days the court could not grant further time to make and serve a case for the supreme court, for the reason that it had lost jurisdiction over the case. We cannot concur in this view. The court, in making its ruling on the motion, continued the matter until the 29th day of December — a day within the same term of the court, to perfect the record and to fix time for making case etc.; after this ruling, defendant and plaintiff each filed affidavits on the motion for a new trial, and on the 29th day of December the court heard the motion for a new trial, considered the affidavits filed and overruled the motion, and the defendant below duly excepted to the ruling; then the court for the first time rendered a judgment upon the verdict of the jury, and the defendant below excepted to the rendition of the

judgment and all orders, rulings and decisions of the court therein, and at the same time the court granted the defendant below 90 days from the 29th day of December, 1890, in which to make and serve a case for the supreme court. The case was made and served on the attorneys of the plaintiff below in 80 days from the final judgment of the court; the attorneys for plaintiff below suggested amendments within 20 days after service, and the case so made and the suggestion of amendments were settled by the judge of the court on the next day after the amendments were suggested, in accordance with the stipulation of attorneys for each party. Section 548 of chapter 80, General Statutes of 1889, provides:

"The case so made, or a copy thereof, shall, within three days after the judgment or order is entered, be served upon the opposite party or his attorney, who may, within three days thereafter, suggest amendments thereto in writing and present the same to the party making the case, or his attorney."

Section 549 provides for the extension of the time to make and serve a case, and that the court may direct notice to be given when the case shall be presented for settlement. In the case of *Life Ins. Co. v. Twining*, 19 Kas. 367, it was held:

"A case may be made for the supreme court and served upon the opposite party at any time within three days after an order is entered overruling a motion for a new trial, although such order may not be entered at the same time that the judgment in the case is rendered, nor until the next term thereafter; and the court may, on entering said order overruling a motion for a new trial, extend the time still further for making and serving a case for the supreme court."

The order of the court on the 2d day of December overruling the motion for a new trial was not a

final order, for the court continued the matter to the 29th day of December, and on that date took up and considered the entire question, and then overruled the motion and rendered judgment on the verdict of the jury.    This was the same term of the court at which the decision of the 2d of December was made, and the court could rightfully review or reconsider any order, judgment or decree made during that term ; and we conclude from the record in this case that the final order and judgment of the court was not made and entered up until the 29th day of December, 1890, at which time the court extended the time to make and serve a case for the supreme court, and that the record presents such a case as is reviewable by this court.

There are numerous errors complained of by counsel for plaintiff in error in their brief, some of which we do not deem necessary to mention in this opinion, but such as we deem important will be considered in the order assigned.    The first error complained of by plaintiff in error is, that the court erred in overruling the application of the defendant below for a continuance of the case.    On the forenoon of September 16, 1890, the jury was duly impaneled to try this case, and counsel stated to the jury the issues involved between the parties, and the evidence by which they expected to sustain the issues on their part.    A number of witnesses were examined, and the court adjourned for the noon hour.    On the convening of the court in the afternoon, the defendant below made application for a continuance of the trial of said case, on account of the absence of material evidence that it had been unable to procure and have present at that time, which evidence the defendant's attorneys had just discovered since the trial of said cause had been

commenced. The attorneys for the railway company filed affidavits setting up the diligence used to discover the origin of the fire, the evidence that had just been discovered, its materiality, what they expected' to prove by the absent witness, the whereabouts of the witness, and that his testimony could be procured within a reasonable time.

In the case of the *A. T. & S. F. Rld. Co. v. O'Melia*, ante, p. 374, (41 Pac. Rep. 437,) this court held :

"Where a party in good faith complies with the provisions of ¶ 4412, General Statutes of 1889, and has used due diligence to procure the testimony of an absent witness whose evidence is material, a continuance should ordinarily be granted ; but the matter of continuance on account of the absence of a witness whose testimony is material is within the sound discretion of the trial court, and a reversal of judgment will not be granted for a refusal to continue on account of the absence of a witness, unless there has been a clear abuse of such discretion."

We have examined the affidavits for a continuance in this case, and do not find that there was such abuse of discretion as to justify a reversal of this judgment.

There were several objections to the evidence offered and given on the trial of this case in relation to the measure of damages which the plaintiff below sustained by reason of the fire alleged to have been set out by the railway company's engine which burned and injured the orchard of the plaintiff below. The evidence of witnesses as to the number of bushels of apples an eight-year-old tree in a thrifty condition would produce in a seasonable year, and the market value of fruit in the community where the farm is situated for some time past and at the present, was not competent and was not in accordance with the true rule for the measure of the damages of the plaintiff

below. This class of evidence is too uncertain, as there is no method by which to determine how often seasonable years will occur, or whether the trees would be in a healthy, thrifty condition for any considerable time in the future, nor to determine what the market value of the fruit would be in the future; it is not such a matter as a witness can determine.

The burning and injury to the orchard was an injury to the real estate of the party, and the rule of damages in such case is the damage done to the farm itself, and not what the orchard might or might not have produced, or what the fruit produced annually would be worth. This is mere speculation—fanciful, not real. Where the injury is to the real estate itself, the damages are to be measured by the difference in the market value of the land immediately before and after the injury. The market value of land injured by fire, in burning up an orchard thereon, should be established by the testimony of witnesses who are acquainted with the land and have some knowledge of its market value in the neighborhood of the land injured. It was error for the court to permit a witness, over the objection of the defendant below, where he said "I do n't believe I know the market value of land in that vicinity," and has not thereafter in his examination shown that he had any knowledge as to the market value of land in the vicinity, then to testify, "Well, sir, I think the land was well worth $50 an acre; I presume there was a quarter-section." (*C. K. & W. Rld. Co. v. Easley*, 46 Kas 337.)

The next assignment of error is in the giving of certain instructions to the jury, as follows:

"On this point you are further instructed that the owner of land adjoining a railroad track is as much bound to keep his land free from unusual and danger-

ous accumulations of combustible matter as a railroad company is its right-of-way; and if the owner or occupant permits an unusual and dangerous accumulation of dead grass, dry leaves or other combustible material to accumulate upon his land next to the company's right-of-way, or continuously between his premises and the railroad track, without in any way guarding the same from fire, and the fire is ignited on the right-of-way and is thence communicated to the premises by means of such unusual and dangerous accumulations of combustible material, then the negligence of the owner will be held to have contributed to the loss and injury; and in such a case the owner of the property injured cannot recover for such injury, unless the jury believe from the evidence that his negligence was but slight and the negligence of the railway company gross.''

We think this instruction was objectionable, as containing the doctrine of comparative negligence. If the plaintiff below was negligent in the particulars referred to in this instruction, such negligence was a contributing cause to the injury complained of, and if his negligence contributed in producing the injury, he could not recover for the loss sustained thereby. Whether these matters constitute negligence was a question of fact to be determined by the jury, under all the evidence; and if the jury, after considering all the facts and circumstances in the case, found that the plaintiff below was guilty of negligence in permitting an unusual and dangerous accumulation of dead grass, dry leaves or other combustible material to accumulate upon his lands next to the company's right-of-way, or continuously between his premises and the railroad track, without in any way guarding the same from fire, and that the fire was ignited on the right-of-way and then communicated to his premises by such combustible material,

then such negligence was one of the causes that contributed directly to the injury, for without such material the fire could not have reached his orchard and caused the damages.   In the case of *Railway Co. v. Jones*, 95 U. S. 442, Mr. Justice Swayne, delivering the opinion of the court, says :

"One who by his negligence has brought an injury upon himself cannot recover damages for it.   Such is the rule of the civil and of the common law.   A plaintiff in such cases is entitled to no relief.   But where the defendant has been guilty of negligence also, in the same connection, the result depends upon the facts.   The question in such case is :  (1) Whether the damage was occasioned entirely by the negligence or improper conduct of the defendant ; or, (2) whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution that but for such negligence or want of care and caution on his part the misfortune would not have happened."

In the case of *A. T. & S. F. Rld. Co. v. Plunkett*, 25 Kas. 202, the trial court gave the following instructions to the jury :

"Although Peter Plunkett may have been guilty of misconduct or negligence which contributed remotely to the injury, yet if the misconduct, mismanagement or negligence of the defendant, its agents or employees, was the immediate cause of the injury, and if with the exercise of reasonable prudence and care on the part of defendant the injury might have been prevented, then it, the defendant, would still be liable for the injury."

In reviewing this instruction by the supreme court, Mr. Justice VALENTINE says :

"This instruction was misleading and erroneous. If the deceased, Peter Plunkett, was guilty of negligence at all his negligence was clearly and necessarily

direct and proximate and not remote or far removed from the injury. It was certainly as near to the injury as was that of the defendant.''

In the case of *K. P. Rly. Co. v. Peavey*, 29 Kas. 179, the trial court gave the jury the following instruction :

'' If the jury believe from the evidence that the engineer's conduct was the proximate cause of the injury complained of, that the plaintiff's conduct was the remote cause of the injury, then the plaintiff ought to recover. But if the jury believe from the evidence that the conduct of the engineer was the remote cause of the injury, and that of the plaintiff the proximate cause of the injury, then the plaintiff cannot recover.''

HORTON, C. J., delivering the opinion of the court and commenting upon this instruction, says :

'' This instruction, especially in the absence of the qualifying word 'negligent' before the word 'conduct,' was erroneous within the views expressed in *Railroad Co. v. Plunkett*, 25 Kas. 188 ; and as in that case so here, if the plaintiff below was guilty of the negligence at all, it was certainly as near to the injury as was that of the company.''

This instruction was misleading for the reason that the court said to the jury that plaintiff could not recover ''unless the jury believe from the evidence that his negligence was but slight and the negligence of the railway company gross,'' as there was no evidence introduced on the trial even tending to show gross negligence on the part of the railway company or its servants. The jury in its special findings of fact finds that the engine which is alleged to have set out the fire was supplied with the best appliances known to prevent the escape of fire ; that it was in good condition in every respect ; that the engineer

and fireman were competent and skillful, and that there was no mismanagement in the operation of the engine that caused the fire to be set out. The only negligence found against the company consists in its permitting dead and dry grass and combustible material to accumulate on its right-of-way at the particular place in which the fire originated, and the mere fact of permitting the accumulation of combustible material on the right-of-way would not be such gross negligence on the part of the railway company as would authorize the giving of that instruction.

In the case of *K. P. Rly. Co. v. Butts*, 7 Kas. 318, KINGMAN, C. J., delivering the opinion of the court, says :

"We have purposely omitted so far any consideration of how far the 'standing grass and weeds upon the right-of-way and scattered along and lying in the ditch beside the track of the railway' of the plaintiff in error of itself constitutes negligence. The company and adjoining owner both had upon their premises the same combustible material, and each contributed to the spread of the fire that occasioned the loss ; and it is an almost universal fact, observable everywhere in our state, that the same combustible materials are found in almost every section of the state, the natural result of a rich soil and uncropped growth. To hold the existence of such a condition of things negligence, would be to declare a liability for accidental fires, as between citizen and citizen, heretofore unknown to the law, and which we do not feel authorized to incorporate into our code. This very question was decided in Illinois in the cases of the *Ill. Cent. Rly. Co. v. Mills*, and the *O. & M. Rld. Co. v. Shanefelt*, supra ; and those decisions were but the enunciation of well-known principles applied to a given state of facts."

The court, among other instructions, gave the following :

"Now the presumption arises in this case that the

defendant set out the fire that burned the plaintiff's orchard, from the fact that the country burned over was adjacent or near to the right-of-way of the defendant.''

This instruction was clearly erroneous and misleading, as it informs the jury that the presumption arises in this case that the railway company set out the fire that burned the plaintiff's orchard. That was a question at issue in this case, and was a material fact to be established by the evidence. The petition of the plaintiff below alleged that the fire was set out by one of the engines of the defendant below. The origin of the fire on the trial was a material issue, which could only be proven by circumstances, as no witness saw the fire start; it could only be established by those who saw the train of cars pass over the road and saw smoke arise after the engine had passed. It was for the jury to determine from the evidence, under all the circumstances, the origin of the fire. Under the statute of this state, where the plaintiff proves that the fire was set out by the railway company in the operation of its road, then the presumption arises that the fire was caused by the negligence of the company, but no presumption arises against the company for setting out the fire by reason of the fact that the territory burned over was adjacent or near to the line of the railroad.

It is urged by counsel for the defendant in error, that although this instruction standing alone was perhaps error, yet the objectionable feature of the instruction was cured by other instructions of the court which stated the law correctly, and for the reason that the defendant below was not prejudiced by the giving of this instruction. It is true that in other portions of the instructions the court laid down the law correctly, but where a court misdirects the jury

in relation to an important matter, 'and informs them that certain facts exist or are presumed to exist that should be established by evidence and found by the jury, it is certainly prejudicial to the party against whom the facts are stated to exist or presumed to exist. All the presumptions as to the existence of facts should be drawn by the jury from the evidence.

There are several other errors complained of by plaintiff in error in relation to the instructions given by the court, and some that were presented by the defendant below and refused by the court, some of which perhaps it was error to give and some to refuse; but we do not think the same errors will again be committed upon a new trial of this case, and we do not deem them of sufficient importance to be considered further in deciding this case, as it will have to be sent back for a new trial for the errors already pointed out.

The judgment of the district court is reversed and the case remanded, with the order to set aside the verdict of the jury and grant a new trial.

All the Judges concurring.