THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. ANNA HOOVER *et al.*

No. 99.

1. INJURY BY FIRE— *Care and Caution Required of Railway Company.* While the law makes it the duty of a railway company, in the operation of its road, to provide suitable and safe engines and furnish them with the most-approved appliances known to science to prevent the escape of fire, to see that they are kept in good repair, to employ competent and skilful engineers and firemen to operate them, to operate them carefully to avoid injury to property of persons living along or near the line of its road, and to take care of its road and be careful in the management of its trains and right of way, the law does not make the railway company the insurer of all property along its line of road. It only requires of it such care and caution in providing machinery, the employment of agents in the operation of its road and caring for its right of way as an ordinarily prudent person would exercise, under all the surrounding circumstances, if all the property to be affected thereby belonged to himself.

2. ―――― *Attorney's Fee.* In all actions for the recovery of damages occasioned by fire set out in the operation of a railroad, if the party recovers against the company he is entitled to a reasonable attorney's fee for the prosecution of his action.

3. INSTRUCTIONS, *Properly Refused.* Where the court has given the jury, in its general instructions, the law correctly on any given proposition, it is not error to refuse further to instruct on the same proposition in different language, as requested by the party.

4. INJURY BY FIRE— *Measure of Damages—Case Followed.* The burning and destruction of an orchard by fire communicated to the premises by a railway company in the operation of its road is an injury to the real estate itself, and the true measure of damages for such injury is the difference in the market value of the

37—KAN. APP.

land immediately before and after the injury. (*Mo. Pac. Rly. Co. v. Haynes*, 1 Kan. App. 586, followed.)

5. —— *Not Liable for Unavoidable Escape of Fire.* A railway company, in the operation of its railway with locomotive engines propelled by steam generated by fire, and drawing its trains over its road in the usual and ordinary manner, is not liable for damages done by mere unavoidable accidental escape of fire from its engines.

6. FINDINGS — *Inconsistent — New Trial.* Where special findings of fact by the jury are inconsistent with the general verdict, and the special findings are inconsistent with each other, they should be set aside and a new trial awarded.

MEMORANDUM.—Error from Butler district court; C. A. LELAND, judge. Action by Anna Hoover and others against The St. Louis & San Francisco Railway Company to recover damages for fire. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed February 6, 1896, states the material facts.

*A. A. Hurd*, and *Stambaugh & Hurd*, for plaintiff in error.

*G. P. Aikman*, and *Thos. J. Brooks*, for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J.: C. E. Hoover was the owner of a quarter-section of land in Little Walnut township, Butler county, Kansas. He and his family were occupying this land as their homestead. In 1889 he died, leaving surviving him Anna Hoover, his widow, and five minor children. The family continued to reside on the quarter-section of land as their homestead. There was situated upon this quarter-section of land an orchard of about two acres, consisting of apple-trees, peach-trees, cherry-trees, plum-trees, grape-vines, blackberry and gooseberry bushes; there were

also some forest-trees, consisting of cottonwood, Lombard poplar, and walnut.    The line of the St. Louis & San Francisco railway was located about one-half mile from this farm.    In March, 1890, a fire was set out by one of the passenger-trains, and it spread and ran over a vacant quarter-section of prairie land and was then communicated to the premises of the Hoovers, and ran through their orchard and burned and injured the trees in the orchard, and also burned and injured the forest-trees on said premises.    On the 31st day of April, 1891, Mrs. Hoover, for herself and as next friend of her minor children, commenced a suit in the district court of Butler county against the St. Louis & San Francisco Railway Company to recover damages on account of the injury to the orchard and forest-frees on said farm.

The petition of the plaintiffs below alleges:

"That on the 24th day of March, 1890, the said defendant, while running one of its trains, in the daytime, on its said road in said Butler county, Kansas, to wit, the east-bound 11 o'clock passenger-train, managed its train carelessly and negligently, and failed to provide suitable means to prevent the escape of fire from the engine that was running the said train, and also permitted dead and dry grass and other combustible material to remain on the right of way of said defendant near the track of the road of said defendant, so that by reason of its carelessness and negligence aforesaid fire escaped from the engine of said defendant company and set fire to the dry grass and other material on the right of way, and by reason of a continuous body of dry grass and other material, and without any fault of the plaintiffs herein, and then and there injured, burned and destroyed the following property to wit, growing upon said real estate, to wit: 100 apple-trees, 10 years old, and of the value of $1,000; 314 peach-trees, from 5 to 10 years old, and of the value of $445; 8 plum-

trees, 10 years old, and of the value of $16 ; 15 cherry-trees, 10 years old, and of the value of $50 ; 2 crab trees, 10 years old, and of the value of $6 ; 3 apricot trees, 10 years old, and of the value of $6 ; about 250 forest-trees, consisting of cottonwood, Lombard poplars, and of the value of $50 ; 33 walnut-trees, of the value of $16.50 ; 5 rods of grape-vines, of the value of $2 ; a patch of blackberry and raspberry vines, about 2 rods wide and 5 rods long, of the value of $3 ; double row of gooseberries, 6 rods long, of the value of $4, belonging to the said plaintiffs, and of the aggregate value of $1,598.50 ; that the sum of $400 is a fair and reasonable attorney's fee for prosecuting this action.''

The railway company in its answer denied each and every allegation contained in the petition, and for an affirmative defense alleged negligence on the part of the plaintiffs below contributing directly to the injuries complained of in their petition. The case was tried before the court with a jury, and a verdict was returned in favor of the plaintiffs below, and the jury also made special findings of fact in response to questions submitted to them by the court. Judgment was rendered on the general verdict of the jury in favor of the plaintiffs below, and plaintiff in error excepted, made case, and filed its petition in error, with the case attached, in the supreme court, which was afterward, by order of the supreme court, duly certified to this court for review.

The plaintiff in error complains of three separate causes or grounds as error, for which it asks this court to reverse the judgment of the district court, which are as follows : (1) Erroneous instructions given to the jury ; (2) refusal to instruct the jury as requested by the plaintiff in error ; (3) overruling the motion of plaintiff in error for a new trial, and in giving judgment for the defendants in error. We will conside:

the several assignments of error in the order com-
plained of in the brief of plaintiff in error.    The first
instruction claimed to be erroneous is No. 4, as fol-
lows :

"4.   A railroad company is chartered to use engines
and cars to carry passengers and freight at a great
rate of speed and in large quantities, and is author-
ized to use extraordinary means and powers to accom-
plish· these purposes, but while so using them it is the
duty of the company so to construct its machinery
and so conduct its road and care for its right of way
as not to damage the property of the people living
along the line of its right of way."

It is claimed that this instruction is so framed that
it gives the jury to understand that the railway com-
pany insures the owner of property along the railway
against loss or damage resulting from fires caused by
the operation of its trains.   While the law makes it
the duty of a railway company, in the operation of its
road, to provide suitable and safe engines and fur-
nish them with the most-approved appliances known
to science to prevent the escape of fire, to see that
they are kept in good repair, and to employ competent
and skilful engineers and firemen to operate them, to
operate them carefully to avoid injury to property of
persons living along or near the line of its road,
and to take care of its road, and be careful in the
management of its trains and right of way, the law
does not make the railway company the insurer of all
property along its line of road.   The law only requires
of it such care and caution in providing machinery,
the employment of agents in the operation of its road
and caring for its right of way as an ordinarily pru-
dent person would exercise, under all the surrounding
circumstances, if all the property to be affected thereby
belonged to himself.   Scientific machinists, in their

inventions for the construction of engines and the mechanical appliances attached thereto to prevent the escape of fire, have never yet been so far successful in their discoveries as to make them absolutely safe as against the escape of fire ; and where the railroad company provides the best make of engines in use on the railways of the country, and provides them with the most-approved appliances known to science to prevent the escape of fire, and employs skilful engineers and firemen, and if fire escapes therefrom accidentally, and destroys the property of persons living along the line of the railway, it is a mere misfortune for which the railway company cannot be held liable. While we do not think that the court intended in this instruction to convey to the minds of the jury that the railway company was bound so to construct its engines and machinery and manage its road that damages could not possibly occur to the property of the people along its line of road, yet we think the language employed in this instruction was too broad, and was calculated to mislead the jury.

The plaintiff in error also claims that the court erred in giving the jury instruction No. 6 :

" 6. If you find from the evidence that the plaintiffs are entitled to recover in this action, your verdict should be for a reasonable and fair compensation for the actual injury sustained, with interest at 7 per cent. from the date of injury ; also, a reasonable attorney's fee for prosecuting this action."

It is claimed that this instruction was erroneous, as it was too broad, and authorized the jury to take into consideration attorney's fees that might be necessary in the prosecution of this case in the supreme or other courts before which it might be carried. We do not think that this instruction is open to the criticism

placed on it by counsel for plaintiff in error. Section 2 of chapter 155, Laws of 1885, reads:

" SEC. 2. In all actions commenced under this act, if the plaintiff shall recover, there shall be allowed him by the court a reasonable attorney's fee, which shall become a part of the judgment." (Gen. Stat. 1889, ¶ 1322.)

The attorney's fees provided for are to be determined in the trial of the case which results in a judgment against the railway company. We do not think the instruction of the court can be construed to mean any more than the attorney's fee authorized by law. The court, after saying to the jury, if they find for the plaintiffs, what they shall allow them as damages by way of compensation, then says, " also, a reasonable attorney's fee for prosecuting this action." The instruction cannot be construed to mean any other prosecution of the action than the action that was then on trial and for services leading up to that trial.

It is insisted that the court erred in refusing to give instruction No. 1, asked on behalf of the defendant below, as follows:

"1. The defendant is not liable to the plaintiffs if the fire that damaged the plaintiffs' property was of accidental origin."

This instruction contains the law correctly, and it was refused by the court; but was it an error to refuse to give this instruction to the jury, under the evidence in this case? It has been repeatedly decided by the supreme court of this state, as well as the highest judicial tribunals of other states, that railway companies are not insurers against fire, but are liable only for negligence, and if they are guilty of no negligence then no action can be sustained against them for accidental fires caused by the escape of fire from the

engines.  The statute of this state has made the fact that damages have been occasioned by fire resulting from the operation of a railroad *prima facie* evidence of negligence.  The evidence in this case discloses that the fire was caused in the operation of the railway, and was therefore evidence of negligence.  There was no evidence whatever introduced or had on the trial of the case as to how the fire did escape, or as to whether the engine was in good condition and safe, or whether it was equipped with necessary mechanical appliances to prevent the escape of fire.  There was no evidence whatever that would authorize or require this instruction to be given.

Plaintiff in error claims that the court erred in refusing to instruct the jury as requested in instructions Nos. 3 and 4, which are as follows:

"3. The measure of damages in this case is the difference in the market value of the property described in plaintiffs' petition just prior to the fire and just afterward.

"4. The property the plaintiffs claim was injured by the fire was a part of the realty, that is, part of the southwest quarter of section No. 24, in township No. 27 south, of range No. 6 east, and if you find for the plaintiffs, the rule of damages is the difference in the market value with all the improvements thereon just prior to the fire, and the market value of the land with its improvements just after the fire."

The court in the general instructions to the jury did not give any direction to them as to the elements that are to be taken into consideration as to the measure of damages.  The plaintiffs below based their action entirely on the injury to the real estate, and it was error for the court to refuse to instruct the jury as requested in these two paragraphs.  In the case of *Mo. Pac. Rly. Co. v. Haynes*, 1 Kan. App. 586, this court held:

"The burning and injury to the orchard was an in-

jury to the real estate of the party, and the rule of damages in such case is the damages done to the farm itself. . . . Where the injury is to the real estate itself, the damages are to be measured by the difference in the market value of the land immediately before and after the injury."

It is urged that the court erred in refusing to instruct the jury as requested in relation to the question of contributory negligence. While the instructions presented by the defendant below and refused by the court were substantially correct in principle, the court gave the jury the law on the question of contributory negligence correctly, as fully as the evidence in this case required it, as follows:

"5. You are also instructed that persons living near a railroad track must know that the fire may escape from engines and trains of the railroad company, and they must take precautions to protect their property from fire, as a prudent man would take under such circumstances, and a failure to take such reasonable precautions as a prudent man would take would be contributory negligence on their part; therefore in this case, if you find under the evidence that the railway company was guilty of negligence originally in setting out the fire, yet if you should also find from the evidence that the plaintiffs were guilty of contributory negligence in not taking reasonable precautions to avoid the spread of the fire upon their premises, then you should find for the defendant."

The final error complained of by plaintiff in error is that the special findings of fact are inconsistent with the general verdict, and that the fifth and sixth findings are inconsistent with each other, and for these reasons the verdict should have been set aside and a new trial awarded.

Our attention is directed specifically to the following special findings of the jury:

"2. Had not the defendant company burned the

grass off of its right of way in September prior to the time of the alleged fire? A. Yes.

"3. Where did said alleged fire start? A. Near the right of way of defendant.

"4. Did not said fire start at a point off of the defendant's right of way? A. It did.

"5. Was not said fire set out by accident? A. Yes.

"6. Was said defendant railroad company guilty of any negligence which caused said fire? A. Yes.

"7. If the above question is answered yes, please state fully in what said negligence consisted. A. Deficient smoke-stack."

"39. Had the orchard over and through which the alleged fire burned been cultivated for some time prior to said fire? A. No."

If findings 2, 3, 4 and 5 are correct, the railway company would not be liable to the plaintiffs for the injury to their orchard. The jury find that the fire did not originate on the right of way, and that the fire was set out by accident. A railway company in the operation of its railway with locomotive engines propelled by steam, generated by fire, and drawing its trains over its road in the usual and ordinary manner, is not liable for damages done by the mere unavoidable accidental escape of fire from its engines. (*L. L. & G. Rld. Co. v. Cook*, 18 Kan. 261; *St. L. S. F. Rly. Co. v. Fudge*, 39 id. 543; *A. T. & S. F. Rld. Co. v. Dennis*, 38 id. 424.) In the fifth finding the jury find that the fire was set out by accident, and in the sixth finding of fact they find that the railway company was guilty of negligence. These two findings of fact are too inconsistent with each other for a fair consideration of the rights of the parties on the trial of this case. In the seventh the jury find that the negligence consisted in a defective smoke-stack, but this finding is without one sentence of evidence to support

it, as there was no evidence as to how or in what manner the fire did escape. The only evidence in relation to the origin of the fire was that, after the train passed about one or two minutes, fire was discovered near the right of way. There was no evidence of other fires along the line of the road; nor was there any evidence that any person discovered sparks being emitted from the smoke-stack, or that the smoke-stack was deficient in any particular — no evidence to show what kind of a smoke-stack it was, whether it was an extension to the end of the boiler with a smoke-stack, or whether it was a large smoke-stack with a bell top. There was an entire omission of any evidence on this subject as to how the fire did escape.

The fact that fire was communicated to the dead grass by the operation of the road would have been sufficient proof of negligence of the company to entitle the plaintiffs to recover if they showed that the fire was caused in the operation of the road; but where the jury disregard all evidence and find facts not authorized by the testimony, or by any circumstance in the case, it shows that they did not give the evidence on the trial a fair and impartial consideration. The special findings of fact are not consistent with the general verdict in this case, and the verdict should have been set aside and a new trial granted.

The judgment of the district court is reversed, and the case remanded, with direction to set aside the verdict of the jury and grant a new trial herein.

All the Judges concurring.