## Benjamin A. Deffler, Appellant, v. Simeon Loudenback, Appellee.

### Gen. No. 30,550.

1. ATTORNEYS AND COUNSELORS — *when attorney's admission is binding on party.* Where it appeared that plaintiff had employed a certain attorney as his counsel to handle his case; that shortly before the trial it became apparent that the attorney would be a witness for the plaintiff, and that thereupon such attorney had another attorney act as counsel for plaintiff on the trial of the case, held that an admission made by the latter attorney on the trial was binding on plaintiff.

2. EVIDENCE—*when plaintiff not permitted to controvert admission made through his counsel on former trial.* Where plaintiff in a suit on a promissory note, brought against the indorser thereof, had deliberately admitted through his counsel on a former trial of the case that no demand for payment had been made and that notice of dishonor had not been given defendant, held that, in the absence of any showing that such admission was made through a mistake of law or fact, plaintiff should not be permitted to stultify himself by saying or trying to show that demand for payment had been made and notice of dishonor had been given.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Affirmed. Opinion filed June 23, 1926.

Bangs & Frankhauser, for appellant; Wendell Mc-Henry, of counsel.

Max M. Grossman and H. J. Rosenberg, for appellee; Samuel Grossman, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Benjamin A. Deffler, the payee of a promissory note made by his brother, W. E. Deffler, brought suit on the note against Simeon Loudenback, who had indorsed the note. The note was dated March 19, 1914, for $2,500 with interest at 6 per cent, payable on or before one year after date. There was a trial before a judge and a jury and a verdict and judgment in favor of the defendant and plaintiff appeals.

There have been three trials of this case. On the first trial plaintiff took a nonsuit and afterwards brought another suit on the same note and had a verdict and judgment in his favor for $2,000. On appeal to this court that judgment was reversed and the cause remanded. *Deffler v. Loudenback,* 233 Ill. App. 240. Upon the redocketing of the case in the circuit court, the case was again tried and the jury found in favor of the defendant.

The only conflict in the evidence was whether, when the note became due, plaintiff demanded payment from his brother, the maker, and whether he thereupon notified the defendant indorser of this fact. Plaintiff offered evidence to the effect that he had demanded payment and notified the defendant that payment had been refused, while on the other hand, the defendant denied that he had received any such notice. When the case was heard in this court on the former appeal, we reversed the judgment in plaintiff's favor for the reason that the trial judge had erroneously excluded evidence offered on behalf of the defendant to the effect that on the first trial of the case counsel for plain-

tiff had admitted in open court that when the note came due no demand for payment had been made on the maker and notice of dishonor had been given to the defendant, the indorser. Upon the retrial of the case the evidence which had been erroneously excluded was admitted. The attorney who represented the defendant on the first trial did not represent him on this trial, but was called as a witness by the defendant. He testified that on the first trial of the case, which was had before the late Judge Honore, he represented the defendant; that in that case Mr. Hoglund appeared of record for the plaintiff, but Judge Chetlain tried the case for the plaintiff; that attorney Hoglund some time before the trial advised the witness that it would be necessary for him to testify on behalf of the plaintiff, and, therefore, he was having Judge Chetlain try the case for the plaintiff; that attorney Hoglund did testify in the case and that during the progress of the trial before Judge Honore, it was stipulated of record (by Judge Chetlain in behalf of the plaintiff) that no notice of presentment and nonpayment or dishonor had been given to the defendant. The witness further testified on direct examination that he had seen plaintiff and his brother personally at that trial, but on cross-examination said that he believed he did not see plaintiff personally at that trial, but that the plaintiff's brother, the maker of the note, was in court. The court reporter who took the case before Judge Honore testified for the defendant and read his notes taken at that time, and in response to a question as to who appeared for the parties answered: "Judge Arthur H. Chetlain appeared for the plaintiff, and Mr. Samuel G. Grodson appeared for the defendant." He further read from his notes that counsel for defendant there said: "I want the record to show that it is stipulated between the parties that there was no notice of presentment and nonpayment or dishonor of the note sued on, in this case

here, to the defendant." To which Judge Chetlain replied that he admitted there had been no demand for payment or notice of dishonor given to the defendant. Plaintiff testified in rebuttal on the present trial that he did not know Judge Chetlain and had never communicated with him in any manner; that he had never authorized Judge Chetlain to make any admissions for him on the trial of the case; that he had employed, as his counsel, Mr. Hoglund to appear for him on the first trial. On cross-examination, he testified that he understood his brother, the maker of the note, was in court at the time of the trial and that Mr. Hoglund testified in the case; that he employed Mr. Hoglund as his attorney "to use his best judgment in handling the case"; that Hoglund had been his attorney in other matters for some time prior to the time he brought the first suit on the note and had represented him in other matters.

In the opinion rendered by us on the former appeal, we held that the stipulation made by the parties on the trial before Judge Honore, above referred to, was admissible in evidence, quoting from and referring to authorities sustaining this view. We there quoted from Wigmore on Evidence, vol. 5, section 2588, as follows: "Such a solemn admission is conclusive of the fact admitted." And further we quoted from the same author on this subject where he says in speaking of the conclusiveness of such admissions (sec. 2590): "In view, however, of the commendable purpose which leads (or ought to lead) to the voluntary making of admissions, it is always and properly said that the trial court may in discretion relieve from this consequence * * *. (sec. 2593.) Moreover, the ignorance which may have led to an ill-advised admission is no more a cause for revoking it at the second trial than at the first; and in any event the judge's discretion may grant relief in the one instance as well as the other." There was no intimation on the trial of

the case, as appears from the record before us, nor
is there any intimation in the briefs filed on behalf of
plaintiff in this court, that the admission made by
Judge Chetlain on the first trial of the case before
Judge Honore was occasioned by any mistake of law
or of fact. If there had been any showing that the ad-
mission made by Judge Chetlain was occasioned
through any mistake of law or of fact and this was
shown on the trial, the court under the authorities
might have relieved plaintiff of such admission, but
as stated no suggestion of that kind is made, but plain-
tiff seeks to avoid the effect of the admission by at-
tempting to show that the admission was unauthor-
ized, since Judge Chetlain was not representing him
as his counsel. In our opinion the record fails to sup-
port that contention for it discloses that plaintiff had
employed Mr. Hoglund as his counsel to handle the
case; that shortly before the trial it became apparent
that Mr. Hoglund would be a witness for the plaintiff
and thereupon he had Judge Chetlain act as counsel
for plaintiff on the trial of the case. In these circum-
stances, we think that the admission of Judge Chet-
lain is binding on plaintiff and conclusive under the
authorities cited by us in our former opinion (233 Ill.
App. 240). And since there was no dispute that the
admission was made and since no recovery under the
law could be had against the defendant unless he had
been notified by plaintiff or his representative that
the note had been dishonored, no judgment could
stand, except one for the defendant, and there was,
therefore, no error in the court instructing the jury
to the effect that if such admission had been made on
the trial before Judge Honore, their verdict should be
for the defendant.

In speaking of judicial admissions or stipulations,
such as the one in question, the Supreme Court of
Alabama in *Prestwood v. Watson,* 111 Ala. 604, 20 So.
600, cited in our former opinion and quoted from with

approval by Professor Wigmore in section 2593, vol. 5 of his work on Evidence, said: "Such agreements are sometimes made to avoid continuances, or for some specific purpose, and, by their terms, are limited to the particular occasion or purpose, and, of course, lose all force when the occasion has passed, or the purpose has been accomplished. But if by their terms they are not limited, and are unqualified admissions of facts, the limitation is not implied, and they are receivable on any subsequent trial between the parties. * * * And when (the agreement is) made in open court, and reduced to writing, intended to be used, and used, as an instrument of evidence, and is without limitation as to time or occasion, it cannot be withdrawn or retracted at the mere will of either party. The presence of witnesses to prove the facts stated is waived. If the witnesses had been produced and testified, and they died, or became insane, or removed without the jurisdiction of the court, on a subsequent trial evidence of their testimony would be admissible. The admission of the facts dispensing with evidence, if it could be disregarded by either party on any subsequent trial, in the event of inability to produce witnesses to establish them, would often convert such admissions into instruments of fraud and injury. When they are made deliberately and intelligently, in the presence of the court, and reduced to writing, they are of the best species of evidence; and parties cannot be permitted to retract them, as they are not permitted at pleasure to retract admissions of fact made in any form. If they are made improvidently and by mistake, and the improvidence and mistake be clearly shown, the court has a discretion to relieve from their consequences,—a discretion which should be exercised sparingly and cautiously."

Plaintiff through his counsel having deliberately admitted on the trial of the cause before Judge Honore that no demand for payment had been made and that

notice of dishonor had not been given the defendant, in the absence of any showing that such admission was made through a mistake of law or fact, ought not now be permitted to stultify himself by saying or trying to show that demand for payment had been made and notice of dishonor given.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

THOMSON, J., and TAYLOR, P. J., concur.