Otto J. Feucht et al, Appellants, v. Harley L. Clarke, Appellee.

Gen. No. 40,421.

Opinion filed April 10, 1939.  Rehearing denied April 24, 1939.

JOHN G. RAUCH, of Indianapolis, Ind., and SIDLEY McPHERSON, AUSTIN & BURGESS, of Chicago, for ap-

·pellants; JAMES R. CHASE, of Indianapolis, Ind., DON-ALD F. MCPHERSON, JAMES F. OATES, JR. and PHILIP H. SCHOFIELD, all of Chicago, of counsel.

WILLIAM A. ROGAN and WILLIAM C. BURNS, both of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

November 4, 1935, plaintiffs, liquidators of the Fletcher National Bank of Indianapolis, Indiana, sued defendant on a written guaranty executed by him August 19, 1930, copy of which is attached to the complaint. Defendant filed an answer unverified, which was stricken. He then filed a verified answer which interposed the defense that the guaranty was obtained through fraudulent representations as to the financial condition of the Rub-Tex Products Company, Inc., whose indebtedness to the bank is covered by the guaranty. October 25, 1937, a motion of plaintiffs for summary judgment was made, and upon a stipulation of facts entered into in open court there was a finding for plaintiff for $15,430 with judgment. Complying with the terms of the stipulation defendant a few days later paid $500 on the judgment. November 12, 1937, other attorneys for defendant were substituted in the place of those who theretofore appeared. November 19th they made a motion to set aside the judgment. Leave was given to file an amended answer. The answer was filed and set up the defense that the guaranty was executed upon certain conditions precedent which had not been performed. Plaintiffs replied, denying the guaranty was made upon such conditions. May 24, 1938, the court heard the evidence and found for defendant and entered judgment from which plaintiff appeals.

Plaintiffs argue the motion for a new trial did not comply with section 50 (7) and other sections of the

Civil Practice Act (Ill. Rev. Stat. 1937, p. 2398 [Jones Ill. Stats. Ann. 104.050]) and that it was error to grant the motion for a new trial for that reason. Under the Civil Practice Act (Smith-Hurd's Anno. Stats., ch. 110, secs. 201 and 259.30 [Jones Ill. Stats. Ann. 104.077, 105.30]) the order allowing a new trial was final and reviewable by leave upon petition. Plaintiffs did not petition for review and cannot now argue error on the order, the effect of which was to reopen the case for trial *de novo* on the issues. *Brenner v. Coerber,* 42 Ill. 497; *Indiana Harbor Belt R. Co. v. Green,* 289 Ill. 81; and *Shaw v. Dorris,* 290 Ill. 196.

On the trial defendant testified to alleged conversations with Mr. Stout, president of the bank, long prior to the execution of the guaranty. Defendant said these conversations took place at the bank in Indianapolis, and that Stout orally agreed that any guaranty which should be given would be upon the condition that the bank would advance to the Rub-Tex Products, Inc., $50,000 in cash immediately, without regard to other debts of the Rub-Tex Company to the bank, and that this loan would be treated as a separate account and repaid before other debts to the bank. The evidence shows that there was no compliance with any such conditions. Defendant's testimony was vague, indefinite and uncertain. He could not remember except in a general way the times when these conversations took place; he could not remember the words used. His testimony was largely in the form of conclusions and most improbable. Plaintiffs insist that this testimony was not permissible for the reason that it contradicted a solemn judicial admission of liability made by attorneys for defendant on the former hearing in open court. Plaintiffs cite *Deffler v. Loudenback,* 233 Ill. App. 240, and 241 Ill. App. 314, where such evidence was held not permissible on the authority of Wigmore on Evidence, 2nd Ed., vol. 5, sec. 2590, p. 605, where Professor Wigmore points out the conclusive nature of

judicial admissions and illustrates use thereof in many cases.

Plaintiffs put in evidence a transcript of the former proceedings which shows an admission by attorneys for defendant in open court of liability on the guaranty to the principal amount of $12,500 of which $500 was paid a few days later according to agreement. Plaintiffs also put in evidence a letter from defendant to Stout, dated March 17, 1930, which justifies an inference that the supposed conversations about conditions precedent never took place. They also put in evidence a radiogram sent by Stout to defendant June 21, 1930, when defendant was en route to Europe and which read, ''Rubtex will need fifty thousand to tide over pressed period for next few months. Are you willing to guarantee twelve thousand five hundred of this amount. If not receiver is imminent.'' Also reply of defendant on the same day, which said, ''Will guarantee twelve five.'' Plaintiffs also put in evidence a letter from Stout to defendant dated August 11, 1930, which told defendant the examiners wished a regular suretyship agreement, inclosed a form of guaranty, and also told him that Mr. Perry had executed a like instrument for $20,000. August 19th defendant replied, ''Replying to your letter of August 11th, please find signed form of suretyship covering $12,500 guaranty for Rub-Tex Products, Inc.'' Inclosed was the guaranty executed by defendant and addressed to the Fletcher American National Bank at Indianapolis, Indiana.

The written guaranty is absolute in its nature, states that it is made in consideration of the extension of credit to the Rub-Tex Products, Inc., waives notice, etc., and is complete in every detail. It is clear that any former conversations which may have taken place with regard to the subject matter of it were merged in the complete written instrument.

Plaintiffs also offered in evidence the original records of the note account of Rub-Tex Products, Inc., from May 24, 1930, to and including February 27, 1933. These show that on June 21, 1930, a balance of direct indebtedness to the bank of $171,588.50. When the bank went into receivership March 23, 1931, Rub-Tex Products, Inc., was indebted to it in the sum of $216,925, and at the time of the trial was indebted to the extent of $40,000. Plaintiffs offered also the testimony of defendant under oath in response to interrogatories as given by defendant April 30, 1937, in which defendant said, ''I recall a radiogram which I received from Mr. Stout while I was on the S. S. Europa on my way to Europe in 1930. In response to that radiogram I sent back a reply that I would guarantee $12,500. At that time I did not know much about the financial condition of Rub-Tex Products Company. . . . I returned to the United States in the summer of 1930. Four weeks later I executed a formal guaranty that Mr. Stout sent me in August, 1930. *At the time I sent the radiogram of June 21, 1930, I didn't impose any condition upon the guaranty of $12,500. The reply was the only condition as far as I know.* On the other hand, of course, I anticipated the others were going to contribute. *At the time I sent the formal guaranty to Mr. Stout, I didn't impose any conditions other than those contained in the guaranty.*''

In defendant's sworn answer of January 22, 1937, not the nonperformance of supposed conditions precedent but alleged false representations that Rub-Tex Products was sound and prosperous and the further agreement that Perry was to execute a similar guaranty for $25,000, which he had not done, were stated to be his defense.

The trial was by the court and the finding of the court on review is entitled to the same weight as the

verdict of a jury. Of this rule of law we are not unmindful. It is, however, the duty of this court to weigh the evidence (Ill. Rev. Stat. 1937, ch. 110, sec. 89, par. 213, p. 2414 [Jones Ill. Stats. Ann. 104.089]). Section 89 was formerly section 120 of the Practice Act of 1907. No witness was called to deny the evidence of defendant which was equivocal, uncertain testimony of an interested defendant to oral conversations and these only by way of conclusions. At any rate the uncontradicted evidence shows that these, if true, were merged in the later and complete written guaranty which contradicts the conclusions. The testimony repudiates a solemn judicial admission made by defendant's attorneys in open court, contradicts his sworn pleadings and solemn statements made under oath in response to interrogatories submitted. Such evidence cannot prevail. We hold plaintiffs are entitled to recover on the guaranty the unpaid principal to the amount of $12,000; that they are entitled to recover interest on $12,500 at 6 per cent from the date of demand (April 12, 1933) until May 11, 1937, when $500 was paid on the principal pursuant to stipulation in open court, amounting to $3,060.32; that they are also entitled to recover interest on $12,000 at 6 per cent from May 11, 1937, to the date of this judgment, $1,378, making a total sum of $16,438.32, for which judgment will be entered in this court.

The judgment of the trial court will be reversed and judgment entered here in favor of plaintiffs and against defendant, Harley L. Clarke, for said total amount of $16,438.32.

*Reversed with judgment for plaintiffs here.*

McSurely, P. J., and O'Connor, J., concur.